BRIDGES *v.* THE STATE, 24 Miss. Rep., 153.

### EXHIBITING A DEADLY WEAPON.

A judgment upon a *scire facias* which does not recite the original judgment correctly, is erroneous.

Error to Covington circuit court. HARRIS J.

The facts are contained in the opinion of the court.

FISHER, J.:

Willis Bridges was indicted by the grand jury of Covington county for exhibiting a deadly weapon in a rude, angry and threatening manner. At the October term, 1847, of the circuit court of said county, he entered into a recognizance giving the plaintiff in error as security for his appearance to the April term, 1848, of said court. At the November term, 1848, of said court, the accused failing to appear, judgment *nisi* was entered against him and his bail, *scire facias* ordered, etc. The *scire facias*, after reciting the recognizance entered into, proceeds as follows: "And whereas the said Willis Bridges failed to appear, on being found guilty, to receive the sentence of the court, thereupon, according to the condition of said recognizance, whereby the same became forfeited, and a judgment was accordingly rendered by said court *nisi* on the 9th day of November, 1848."

This writ was executed on the plaintiff in error, who appeared and filed two pleas: 1. That there was no such recognizance as recited in the *scire facias.* 2. That there was no such judgment *nisi*, as recited in the writ of *scire facias;* upon both of which issue was taken to the court and decided against the defendant below.

We will only notice the question presented by the second plea. Judgment was entered against the accused, that he forfeit his recognizance because he failed to appear and answer the indictment pending against him. The *scire facias* says that he failed to appear, on being found guilty, and receive sentence. The variance in the two judgments is too palpable to require comment.

The judgment reversed, and judgment rendered in this court on the second plea for the plaintiff in error.