## SPENCE *vs.* SIMMONS

1. In *scire facias* against a defaulting witness, where no declaration is filed on the return of the writ, the writ itself must show, by positive averment, that a subpœna had been issued and served, and then set out the judgment *nisi* in substance; the writ is insufficient if it only sets out the judgment *nisi*, which recites that the plaintiff appeared and *suggested to the court* that a subpœna had been issued and returned executed.

ERROR to the Circuit Court of Coosa.

Tried before the Hon. JOHN BRAGG.

JOHN T. MORGAN, for plaintiff in error.

DARGAN, C. J.—This was a *scire facias* against Spence as a defaulting witness, to show cause why a judgment *nisi* should not be made absolute. There was no declaration, and the judgment was by default; consequently the only question is, the sufficiency of the *scire facias*.

It is not indispensably necessary to file a declaration upon the return of a writ of *scire facias*, but the writ itself may be considered as the declaration, and always is under our practice, unless indeed a declaration be in fact filed. But when no declaration is filed, the *scire facias* (except in cases upon forfeited recognizances, in reference to which we have special legislation) itself should show every material fact to entitle the plaintiff to a judgment. It should show by positive averment that a subpœna had been issued, and that it had been served, and then set out in substance the judgment *nisi*, rendered on account of the failure of the witness to attend. See Emanuel v. Ketchum, at the present term. But in the

case before us, there is no averment of the issuing of the sub-
pœna, nor of its service; the *scire facias* is, therefore, fatally
defective. It is true, that the judgment *nisi* is set out, and
that shows that Simmons appeared, and suggested to the
court that a subpœna was issued, which was returned execu-
ted. But this averment in substance is, that it was suggested
to the court that those things were done, and not a positive
averment that they were; that is, that a subpœna was issued
and had been executed. According to the case of Emanuel
v. Ketchum *supra*, such an averment is insufficient.

Let the judgment be reversed, and the cause remanded.

CHILTON, J. not sitting.