## DOUTHIT *v.* THE STATE, 30 Miss. Rep., 133.

### SCIRE FACIAS.

A judgment *nisi* is not final until rendered so by judgment upon the *scire facias*, and it is competent in determining upon the latter judgment, to consider whether the *scire facias* is supported by the judgment *nisi*, which it is merely process to complete and render final.

If the judgment *nisi* and the *scire facias* are insufficient to sustain the final judgment, it will be erroneous and must be reversed, though no objections were made in the court below.

A variance between the judgment *nisi* and the *scire facias*, is fatal to the *scire facias* and the final judgment.

In error from the circuit court of Monroe County. Hon. FRANK M. ROGERS, Judge.

The plaintiff in error, as bail for one Richard B. Douthit, entered into a recognizance, conditioned for the appearance of said Richard B. Douthit, at the term of the court, as prescribed by law, to answer an indictment against him for larceny. The said Richard B. Douthit made default; and judgment *nisi* was rendered against him and the plaintiff in error, his bail. The judgment *nisi*, against the plaintiff in error, recites, that it was for his default in not bringing into court the body of John W. Douthit. A *scire facias* was issued on this judgment *nisi* against the plaintiff, describing the judgment *nisi* as having been entered against him for the default of Richard B. Douthit. Upon the return of this *scire facias* executed, the judgment *nisi* was made final, the plaintiff in error failing to appear and make any defense thereto. From this judgment the writ of error in this cause was sued out.

*Reynolds & Kinyon*, for plaintiff in error.

There is a fatal variance between the judgment *nisi* and the *scire facias*. The first describes the principal of plaintiff in error as John W. Douthit, the other as Richard B. Douthit. Bridges v. The State, 24 Miss. Rep., 153.

*D. C. Glenn*, attorney general.

HANDY, J.:

Of the various errors assigned in this cause, we consider it necessary to decide upon but one.

The judgment *nisi* against the plaintiff in error, appears by

the record to have been rendered against him in consequence of his failure to bring into court the body of one John W. Douthit, for whom he had become bail upon recognizance, and who had been charged with a felony. The *scire facias* issued upon this judgment, recites and shows that the plaintiff in error had become bound to bring into court the body of one Richard B. Douthit, and on his failure to do so, that the judgment sought to be enforced had been rendered. Upon this *scire facias* a judgment by default was rendered against the plaintiff in error, who thereupon sued out this writ of error.

It is manifest by the record that the obligation of the plaintiff in error, as stated in the *scire facias*, was essentially different from that appearing by the judgment *nisi*, and that the *scire facias* was not supported by the judgment *nisi*. That judgment not being final until rendered so by the judgment upon the *scire facias*, it is competent in determining the latter judgment, to consider whether the *scire facias* is supported by the judgment *nisi*, which it is merely process to complete and render final. And if the judgment *nisi* and the *scire facias* taken as parts of the same proceeding, are insufficient to sustain the final judgment, it will be erroneous and must be reversed, though no objections were taken to the insufficiency of the proceedings in the court below; because upon the whole record the judgment is erroneous.

The variance between the judgment *nisi* and the *scire facias* is essential, and fatal to the *scire facias* and the final judgment.

The judgment is reversed and the *scire facias* quashed.