FIELDS ET AL. *v.* STATE, 39 Miss. R., 509.

FORFEITURE OF RECOGNIZANCE.

The order of the court admitting a party to bail on an indictment pending against him, is not properly a part of the record in the matter of recognizance; and a defect in such order must be taken advantage of by plea, and not by demurrer to the *scire facias*.

Error to Tippah circuit court.    THOMPSON, J.

*G. L. Potter* and *O. Davis*, for plaintiffs in error.

*T. J. Wharton*, attorney general.

HANDY, J.:

This was a *scire facias* issued upon a judgment *nisi*, &c., upon a forfeited recognizance entered into by one John B. Fields, principal, and the plaintiffs in error, his sureties, conditioned for his appearance at the circuit court to answer an indictment for larceny.   The *scire facias* appears to be regular and in due form on its face, and shows that the recognizance was entered into before the sheriff of the proper county by the parties; the day on which the accused was bound to appear in court; his default on being duly called, and the failure of his sureties, on being thereto called, to bring him in; and the judgment *nisi*, &c., against them.   The sureties appeared and demurred to the *scire facias* on several grounds—1st. That no authority was shown in the record for the taking of the recognizance by the sheriff; 2d. That the recognizance was not taken in pursuance of the order of court, which authorized it only to be entered into by the principal, and not by sureties; 3d. That

the order is void because it does not fix the number of sureties, and does not authorize the sheriff to take it.

In support of these objections, it is insisted that by reference to an order made by the circuit court in the matter of the indictment against John B. Fields, and appearing in the transcript of the record in this case, and in virtue of which this re-cognizance was taken, it appears that no authority was conferred upon the sheriff to take the recognizance, and that the court had no power to confer such authority under the circumstances of the case.

But the objections are not available upon demurrer to the *scire facias.* The proceedings of the circuit court, in the matter of the indictment, are not properly a part of the record in the matter of the recognizance, and the proceedings had thereupon. The recognizance, and the proceedings had thereon, are collateral to the matter of the indictment, and constitute the proper record in the matter of the recognizance. It is true that it emanates from the charge brought against the defendant; but that does not make it, in law, a part of the record pertaining to the indictment; for frequently the recognizance is the first thing filed in court against a party; and, in all cases, it is the ground of a distinct and substantive responsibility, apart from the charge which gave rise to it. Hence, the order of court admitting a party to bail on an indictment pending against him, is not properly a part of the record in the matter of the recognizance; for that proceeding commences with the recognizance as the first matter of record pertaining to it. If, therefore, a party would avail himself of the insufficiency of the authority under which the recognizance was taken, by way of defense to a *scire facias* upon the judgment of forfeiture, he must do so by plea, presenting the question in a proper manner for consideration. It cannot be reached by demurrer to the *scire facias*, because it is not properly a part of the record of that proceeding.

Without considering the grounds of objection to the regularity of taking the recognizance taken on the part of the plaintiffs in error, we think that the demurrer was properly overruled, and the judgment is affirmed.