THE STATE OF MISSISSIPPI v. ELLEN RHONIMUS et al.

1. SCIRE FACIAS UPON FORFEITED RECOGNIZANCE.—Defects in a recognizance in a criminal case, upon which judgment *nisi* has been entered, cannot be taken advantage of by demurrer to the *scire facias*, but only by plea of *nul teil record*.

ERROR to the circuit court of Grenada county. NILES, J.

The following is the only error assigned:
1. The court erred in sustaining the demurrer of the defendants to the *scire facias*.

*J. S. Morris*, attorney-general, and *W. R. Barksdale*, district attorney of the 13th district, for the state.

1. A *scire facias* or a judgment *nisi* rendered on a forfeited recognizance is to be regarded as a declaration as well as a process, and it is amendable as other pleadings. Curry v. the State, 39 Miss. 511.

2. Being thus held a declaration and a process framed and issued by the clerk, it is cerrainly entitled to all the liberal construction as to sufficiency as a declaration or process in ordinary cases.

3. The declaration shall contain a statement constituting the cause of action, in ordinary and concise language, without repetition; and, if it contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient. Rev. Code of 1857, p. 491, art. 78. The Code of 1871 has only made

the rule more liberal to pleaders.   See Rev. Code of
1871, § 127.   In the face of both these statutes, pre-
scribing the sufficiency of a declaration, and the case
cited *supra,* the court below held that the *scire facias* was
bad on demurrer, because it did not, in addition to say-
ing that the defendants entered into recognizance, say
also who took the recognizance,—whether it was taken
in open court, or by an officer empowered by law to
take it, and show also all the circumstances under
which it was entered into by the parties.   This was
clearly erroneous.   It was certainly matter of defense,
to come from the defendants by plea, if the recognizance
was defective.   Fields v. the State, 39 Miss. 509 ; Ditto
v. the State, 30 Miss. 126.   The defendant should have
raised the question by plea of *nul tiel record,* or other
appropriate plea.   Ditto v. the State, *supra.*   If it were
a bond, the plea would be *non est factum.*   It would be
strange that a greater degree of particularity is to be
required of clerks by whom these writs are issued, than
of lawyers in drawing declarations.

4. If a legal instrument is to be introduced into a
pleading, it may, except where certain special reasons
exist to the contrary, be equally well described by its
legal effect as by its exact words.   1 Bishop Cr. Pr.,
§ 55; U. S. v. Keen, 1 McLean, 429.

5. On default of any defendant, etc., in any criminal
case, proceeding or matter, the court may, at any time
after such default made, enter judgment *nisi* against the
obligor and his sureties in such bond or recognizance,
and thereupon a *scire facias* may issue, as against bail, re-
turnable to the next term of such court, as in other cases.
And upon return of service of such *scire facias,* or two
writs of *scire facias,* to the proper officer of the county
where such bond was entered into " not found," such
return shall be equivalent to a personal service, and
judgment may be absolute thereon, unless a sufficient
showing to the contrary be made to the court, at the

time such case is called in its order on the docket. Rev. Code of 1857, p. 620, art. 292; Code of 1871, § 2792.

From this it would seem that a writ of *scire facias* is mainly process to complete and render final and absolute the judgment *nisi.* Douthit v. the State, 30 Miss. 133. After judgment *nisi*, and when *scire facias* has been issued to enforce that judgment, the recognizance is not properly a part of the record of that proceeding, and must be brought before the court by plea of *nul tiel record*, or other appropriate plea. Ditto v. the State, 30 Miss. 128, 129; Fields. v. the State, 39 Miss. 509.

*Walthall & Golloday*, for defendants in error.

A *scire facias*, although a judicial writ, must be considered as an original action to which the defendant may plead, and therefore must contain a legal cause of action on its face. This rule is constantly applied in American courts to proceedings on forfeited recognizances in criminal cases. The State v. Arledge, 2 Sneed, 231; Andress v. the State, 3 Blackf. 110; the State v. Kinne, 39 N. H. 137, 138. No legal cause of action is shown in a *scire facias* unless it is alleged that the court out of which it issued has possession of the recognizance, and that it is of record in that court; and also that it was taken by some competent officer or tribunal setting forth facts showing the necessary legal authority for taking it. Andress v. the State, 3 Blackf. 108; Lang v. the State, ib. 344; Madison v. the Commonwealth, 2 Marsh. 132; the State v. Kinne, 39 N. H. 139; Davis v. the State, 5 Blackf. 374; 9 Mass. 520; 16 ib. 446; 2 Ga. 363. See also Pace v. the State, 25 Miss. 54; Fields v. the State, 39 Miss. 610; Ditto v. the State, 30 ib. 126.

Tarbell J.:
This case comes to this court from the decision of the circuit court of Grenada county, upon a demurrer to

*scire facias.*   The writ was issued to the sheriff of that county commanding him to summons Ellen Rhonimus, principal, and S. S. Fairfield and Mrs. L. C. Saddler, sureties, in a recognizance, etc., to show cause why a judgment *nisi* therein should not be made final, and for execution. The *scire facias* recites that, whereas, Ellen Rhonimus, had been "recognized to appear at the said circuit court, "to answer unto the state of Mississippi, on a charge of assault and battery with intent kill and murder," etc., and then proceeds with the usual formality and particularity. To this writ the defendants therein demurred, assigning for cause thereof, that the facts as to the recognizance, the person by whom taken, whether a magistrate, sheriff or other person, and by what authority, whether in virtue of the code, or by order of some court or magistrate; in short, that all the circumstances of the execution of such recognizance should be set out in the writ, so that upon the face of the latter the legality of the former might be determined; in other words, that the phrase "had been recognized" does not show a legal recognizance, and consequently, that the *scire facias* fails to set out a good cause of action.   And this presents the question in the cause for our determination.

In Ditto et al. v. the State, 30 Miss. 126, it is said, that "after the judgment *nisi,* and when the *scire facias* has been issued to enforce that judgment, the recognizance is not properly a part of the record of that proceeding, and must be brought before the court by plea of *nul tiel record,* or other appropriate plea." And in Fields et al. v. the State, 39 Miss. 509, the court say: "If, therefore, a party should avail himself of the insufficiency of the authority under which the recognizance was taken, by way of defense to a *scire facias* upon the judgment of forfeiture, he must do so by plea, presenting the question in a proper manner for consideration. It cannot be reached by demurrer to the *scire*

*facias,* because it is not properly a part of the record of that proceeding." The case at bar is thus, in our courts, concluded against the demurrer, and we think the *scire facias* sufficient within the spirit, if not the letter, of our statutes; according to which, *prima facie,* the judgment *nisi* temporarily, though not finally, disposes of the legality of the recognizance. Primarily, with us, the defendants, in a proceeding by *scire facias,* are called upon to answer to the judgment, and not to the proceedings, on the recognizance. Of course, a sufficient cause of action must be stated in all cases; but pleadings are greatly simplified with us (Code of 1871, sec. 577); and, on the subject under consideration, the legislation and practice of other states are, in some respects, different from our own. Code, § 334; ib. art. 6, ch. 59, title, Bail. See also ib. § 586. We are of the opinion that the *scire facias* in this case is in harmony with the statutes and adjudications of this state, and defensible on principle. No injustice can come to the defendants. They are deprived of no right, nor prevented from interposing any legitimate defense. This ruling simply casts upon the defendants the labor of prosecuting their own defense, if they have any, rather than devolving it upon the state to prepare their case for them, upon the face of the *scire facias.* The demurrer in this case was sustained, when it should have been overruled.

Whereupon the judgment is reversed, the demurrer is overruled here, and the cause remanded for further proceedings.