## S. M. TUCKER v. THE STATE.

1. CRIMINAL LAW. *Scire facias. Must conform to recognizance.*

H., being indicted for an assault with intent to kill and murder, entered into a recognizance to appear at the May term, 1874, "and to attend said court from day to day, and term to term, until regularly discharged." He failed to appear at the September term, 1876, and a judgment *nisi* was entered against him and his sureties. A *scire facias* was issued thereon, which recited that H. was "recognized to appear at the September term, 1876." A final judgment was rendered on the *scire facias*. *Held*, that the recital in the *scire facias* did not sufficiently conform to the recognizance, and the judgment was erroneous.

2. SCIRE FACIAS. *May be amended. Is both pleading and process.*
 A *scire facias*, upon a judgment *nisi* rendered on a forfeited recognizance, which recites the legal effect of the recognizance, but does not pursue its terms, may be amended so as to conform to the recognizance. The *scire facias* is both a pleading and process.

ERROR to the Circuit Court of Jasper County.

Hon. A. G. MAYERS, Judge.

Ennis Harrison, having been indicted for an assault with intent to kill and murder, entered into a recognizance, with sureties for his appearance to answer the charge. He forfeited his recognizance, and, after a judgment *nisi* and the issuance of a *scire facias*, a final judgment was rendered against him and his sureties. Thereupon S. M. Tucker, one of the sureties on the recognizance, sued out a writ of error.

*W. H. Hardy*, for the plaintiff in error.

The variance between the recognizance and the *scire facias* is fatal to the judgment. *Douthit* v. *The State*, 1 Morris, 807 ; *Bridges* v. *The State*, 1 Morris, 592 ; *Douthit* v. *The State*, 1 Morris, 809.

*T. C. Catchings*, Attorney-General, for the State.

The recognizor was bound by his recognizance "to appear at the May term, 1874, and to attend from day to day, and term to term, until regularly discharged." He was, therefore, recognized to appear at the September term, 1876, as recited in the *scire facias;* for his recognizance was as much for his appearance then as at any previous term of the court.

CHALMERS, J., delivered the opinion of the court.

The recognizance bound the recognizor to appear at the May term, 1874, "and to attend said court from day to day, and term to term, until regularly discharged." He failed to appear at the September term, 1876, and judgment *nisi* was taken against him and his sureties. The *scire facias* issued thereon recited a recognizance to appear and answer at the September term, 1876.

Undoubtedly the recognizance did bind the party to appear

and answer at all terms succeeding that to which it was return-able, until discharged by due course of law; but while this was its legal effect, and while it is usually sufficient in a plead-ing to refer to a written instrument by its legal effect, yet, under the stringent rules heretofore announced by this court in many cases, as to the necessity of making the recitals of the *scire facias* conform strictly to the terms of the recogni-zance, we do not feel authorized to affirm the judgment below.

The district attorney should have amended the *scire facias*, which is both a pleading and process, so as to make it conform to the recognizance. *Curry* v. *The State*, 39 Miss. 511.

It is not true that there were two judgments *nisi* rendered and subsisting. The one first entered was set aside on the same day it was rendered.

The other objections urged were without merit. The re-versal of the judgment will give the sureties an opportunity to establish, by proper proof, that their principal was dead when the judgment *nisi* was rendered, if such was the fact.

Judgment reversed and cause remanded, with leave to the district attorney to amend the *scire facias*.