## S. H. POUNDS *v.* THE STATE.

1. SCIRE FACIAS. *Plea of nul tiel record. When not double.*
   Where the defendant in a *scire facias* purporting to have been issued upon a judgment *nisi* based upon a forfeited recognizance files a plea of *nul tiel record* averring that no such "bond" and judgment as set out in the *scire facias* are of record, the plea is not demurrable as being double in attacking both the recognizance and the judgment *nisi*, the averment referred to being simply a statement of two defects in one and the same record.

2. SAME. *Amendment thereof, how and when made.*

A *scire facias,* being both a pleading and process, may be amended, upon leave of the court, to conform to the judgment *nisi* upon which it is based, where the two do not correspond and the defence of *nul tiel* record is pleaded. *Tucker* v. *The State,* 55 Miss. 452, cited.

APPEAL from the Circuit Court of Webster County.

Hon. C. H. CAMPBELL, Judge.

The case is stated in the opinion of the court.

*A. F. Fox,* for the appellant.

The judgment *nisi* was rendered at the August term, 1881, of the Circuit Court against Cluff Sims and surety jointly for $100. The *alias scire facias* recites that the judgment *nisi* was rendered at the January term, 1882, against E. Cluff Sims and Pounds, his surety, for $100 each, or severally. Here are three variances between *scire facias* and judgment *nisi,* viz. :

1. In the name of the defendant, Sims.

2. In the liability of principal and surety.

3. In the term of the court at which judgment *nisi* was taken.

These variances are fatal to the *scire facias,* and it should have been quashed. *Vide Douthit's Case,* 1 Geo. 133 ; *Detto's Case,* Ib. 126 ; *Dangerfield's Case,* 4 H. 658 ; *Bridge's Case,* 2 Cushm. 153 ; *The State* v. *Patterson,* 7 Baxt. (Tenn.), 246. In short, no such judgment *nisi* as is recited in the *scire facias* was ever rendered, and there is absolutely nothing to support the final judgment. There was certainly error in sustaining demurrer to appellant's plea of *nul tiel* record. This was the proper plea to reach the defect in the bond. *Detto's Case,* 30 Miss. 126 ; *The State* v. *Rhonimus,* 47 Miss. 314. Under the liberal provision of Code 1880, in reference to pleading, the plea of appellant was not demurrable. *Vide Lamkin* v. *Nye,* 43 Miss. 241, construing Pleading Act in Code of 1857, similar to Code of 1880.

*T. C. Catchings,* attorney-general, for the State.

Counsel seeks to make the case depend upon the sufficiency

of the *scire faci* issued in March, 1882, and in his brief states that appellant, at the August term, 1882, moved to quash this *alias scire facias*, and failing in that plead to it.   This is a mistake.   No *alias* was ordered at the January term, 1882, and there is nothing to show that any stress or dependence was placed upon it.   The State was proceeding upon the *scire facias* to Summer County, issued in November, 1881, returnable to to the January term, 1882, which was served upon the appellant.   So far as the record shows this was the *scire facias* to which the appellant plead, and which he moved to quash. The *scire facias* issued in March, 1882, is therefore not to be considered at all.   The motion to quash was properly over-ruled for obvious reasons.   Such objections as were sought to be made could only be advanced by plea.   The demurrer to the plea was properly sustained for the reason that it was double. It presented two distinct issues, one as to existence of the bond and the other as to the existence of the judgment described in the *scire facias*.   The *scire facias* issued in November, 1881, was good, and the judgment final was proper.

CHALMERS, J., delivered the opinion of the court.

One Cluff Simms was, by that name, indicted for the offence of unlawful retailing, and entered into a recognizance with appellant Pounds as his surety.   Failing to appear judgment *nisi* was taken against him and his surety jointly in the sum of one hundred dollars.   A *scire facias* issued upon this judgment, correct in all its recitals, except that it recited the judgment *nisi* as having been taken against E. Cluff Sims, thus prefixing a new initial to the name of the princi-pal.   The writ was served upon the surety Pounds, but not upon the principal.

An *alias* writ of *scire facias* was then issued, which was likewise served upon the surety, but not upon the principal. This *alias* writ was fatally defective in failing properly to recite the judgment *nisi* in several particulars.   At the next term of the court Pounds appeared and moved to quash the

*scire facias* upon grounds which were in the main applicable only to the *alias* writ. His motion was overruled by the court. He then filed a plea of *nul tiel record,* averring that no such bond and judgment were of record as were set out in the *scire facias;* to which plea the court sustained a demurrer, upon the ground that the plea was double in attacking in a single plea both the recognizance and the judgment *nisi* based upon it. This was erroneous. It was decided in *Ditto's Case,* 30 Miss. 126, and *Rhonimus' Case,* 47 Miss. 314, that objections to the recognizance could not be raised by demurrer after a judgment *nisi,* but could under a plea of *nul tiel record;* and while the distinction seems illogical it must be accepted as well settled by our cases. Of course that to which a plea of *nul tiel record* is appropriate must purport at least to be a record, so that when the plea in this case sought to attack both the recognizance and the judgment *nisi,* it was not double in the sense of combining two separate pleas, but was rather an averment of two defects in one and the same record, and was not demurrable.

The case must be reversed, and when remanded the writ of *scire facias,* which is both pleading and process, should by leave of court be so amended as to conform strictly to the judgment *nisi.*

In this way all questions as to variance may be avoided. *Tucker* v. *The State,* 55 Miss. 452.

Reversed and remanded.