### ROBT. C. SAFFOLD *v.* THE STATE.

1. RECOGNIZANCE. *Scire facias. Variance between. Practice in Supreme Court.*
   If a judgment final has been taken by default on a *scire facias* against a surety on a recognizance, he cannot on appeal to this court complain of a variance between the recognizance and the *scire facias. Ditto* v. *The State,* 30 Miss. 136 cited.

2. SAME. *Scire facias. Service. Two returns of "not found." Sect. 3043, Code 1880, construed.*

Sect. 3043 of the Code of 1880 provides, that "if any defendant, prosecutor, or witness in any criminal case, proceeding or matter, shall fail to comply with the terms of his bond or recognizance, the court may at any time after such default made enter judgment *nisi* against the obligor and his sureties in such bond or recognizance, and thereupon a *scire facias* may issue, returnable to the next term of such court, as in other cases. And upon the return of service of such *scire facias*, or of two writs of *scire facias* to the proper officer of the county where such bond was entered into "not found," judgment may be made absolute thereon, unless a sufficient showing to the contrary be made to the court." This provision has the effect to make two returns of "not found" of a writ of *scire facias* equal to service of same, but it does not make service or such returns as to all the parties in a recognizance, a prerequisite of judgment final against those who are served.

APPEAL from the Circuit Court of Harrison County.

Hon. J. S. HAMM, Judge.

At the October term, 1876, of the Circuit Court of Harrison County, Washington House, having been indicted for larceny, entered into a recognizance with K. C. Saffold as surety to appear at the April, 1877, term of the court. House failing to appear at the latter term a judgment *nisi* was taken against both him and Saffold on the recognizance, and a writ of *scire facias* was issued to both. The writ was served and duly returned as to Saffold, but no service was had and no return made as to House. At the November term, 1880, the State dismissed as to Washington House, and Saffold making default, a judgment final was taken against him on the *scire facias*. From this judgment he appealed to this court.

*Ben. Lane Posey*, for the appellant.

1. The misdescription in the *scire facias* of the recognizance is a fatal defect to the judgment final rendered thereon. This case comes within the rule announced in *Tucker* v. *The State*, 55 Miss. 452. The facts in that case are almost identical with those in the case at bar.

2. The statute contemplates a joint judgment against the principal obligor in the recognizance and the sureties. A judgment against the principal must necessarily precede a

judgment against the sureties. The dismissal of the case as to the principal obligor resulted in a release of the surety.

3. There was no return of " not found " by the sheriff as to House, and in such case no final judgment could be taken against his surety.

J. L. *Harris*, for the State.

1. A judgment was properly rendered against Saffold, surety, who was duly served, when no service was had on his principal and no return of " not found." 2 Saund. 726. See *aliud: Chinn* v. *The Commonwealth*, 5 J. J. Marsh. 29 ; *Adair* v. *The State*, 1 Blackf. 200 ; *Luckett* v. *Austin*, 4 Bibb. 181 ; *Bruce* v. *Colgan*, 2 Litt. 286 ; *Sans* v. *The People*, 3 Gilm. 327. The variance between the recognizance and the *scire facias* issued to enforce the judgment *nisi* on the recognizance, as to the term of the court at which the cognizor was to appear is material, but is not fatal insomuch as objection was not made by plea, because " the recognizance is not properly a part of the record of that proceeding, and must be brought before the court by plea of *nul tiel record*, or other appropriate plea. *Ditto et al.* v. *The State*, 30 Miss. 126.

CAMPBELL, C. J., delivered the opinion of the court.

After judgment by default on the *scire facias* upon a recognizance it is not admissible to notice a variance between the recognizance and *scire facias*. *Ditto* v. *The State*, 30 Miss. 126.

It is not a valid objection to a judgment on a recognizance against a surety that the principal has not been served with *scire facias*, or that there have not been two returns of " not found " as to him. Sect. 3043 of the Code makes two returns of " not found," equal to service of *scire facias* in such case, but does not make service or such return as to all a prerequisite of judgment final against those who are served. *Chinn* v. *The Commonwealth*, 5 J. J. Marsh. 29 ; *Luckett* v. *Austin*, 4 Bibb. 181 ; *Bruce* v. *Colgan*, 2 Litt. 286 ; *Sans* v. *The People*, 3 Gilm. 327.

Judgment affirmed.