### R. M. MARX *v.* THE STATE.

1. SCIRE FACIAS. *Not reciting date of judgment nisi. Judgment final.*
   When the *scire facias* fails to recite the day or term of court when the judgment *nisi* was rendered, and a plea of *nul tiel* record is interposed, it is error to render judgment final without first amending the writ.

2. SAME. *Appellate proceedings. Amendment.*
   When the record fails to show the date of the judgment *nisi* in proceedings on a forfeited recognizance the case will be reversed on appeal, and amendment allowed when the case returns to the lower court.

3. RECOGNIZANCE. *Judgment against one surety. Dismissal as to others.*
   Where the return on the *scire facias* shows that the principal and all the sureties on the bond, except one, could not be "found," it is not error to dismiss as to those not "found" and to proceed to judgment against the surety served. *Pounds* v. *The State,* 60 Miss. 925.

APPEAL from the Circuit Court of Noxubee County.

HON. JAMES M. ARNOLD, Judge.

On the 21st of November, 1882, James Smith was committed to jail by a justice of the peace of Noxubee County, under a charge of grand larceny, and was subsequently admitted to bail on a bond of two hundred and fifty dollars, with the appellant and F. M. Smith and W. J. Smith as sureties, to appear before the circuit court on the third Monday of February, A. D. 1883. On the *1st of March,* 1883, being the term of court aforesaid, Smith failing to appear, a judgment *nisi* was rendered against him and the sureties on his bond, and *scire facias* issued, which recites as follows : "Whereas,

heretofore, to wit:  On the 12*th day of January,* 1883, in a certain case therein pending, etc.," judgment *nisi* was rendered, commanding the sheriff to summon James Smith and the sureties on his bond to appear at the September term of the court to show cause why judgment final should not be entered against them.  The sheriff executed the writ personally on appellant, and the return recites that the other parties could not be found in the county after diligent search.  The appellant appeared at the September term, 1883, of the court, and to the *scire facias* pleaded *nul tiel* record. The district attorney thereupon obtained leave to amend the *scire facias,* so as to recite "bond," instead of "recognizance," and *that the parties were called and judgment taken,* but did not amend so as to show the proper date of the judgment *nisi.*  He then dismissed the proceedings as to all but the appellant, whose plea of *nul tiel* record was overruled and judgment final entered against her, from which judgment she appeals.  In the court below appellant merely excepted to the dismissal as to her co-sureties and to the rendition of the final judgment against her.  It is assigned for error here, among other grounds, that "*scire facias* shows a judgment *nisi* purporting to be rendered in vacation, to wit. : On the 12th day of January, 1883, while said supposed judgment *nisi* against James Smith and his sureties was rendered as appears by the record, on the 1st day of March, 1883, and the judgment final as the record shows was rendered on the 2d day of September, 1883."

*Thomas J. O'Neill* and  *W. B. Stewart,* for the appellant.

There is no authority for a judgment *nisi* on a bond or recognizance in vacation.  The time at which the Circuit Court of Noxubee County is held is a matter of which the supreme court will take judicial notice.  It is the duty of the sheriff under Code of 1880, § 1001, "to make the money, or as much thereof as possible, out of the property of the principal debtor," etc.  The surety is entitled to the benefit of this statute, but under the action of the court in this case Mrs. Marx is deprived of this benefit.  *McCaa* v. *Bussom,* 52 Miss. 639.  A release of the principal debtor against whom, with the surety, a joint judgment has been obtained, operates as a release of the surety.  *Anthony* v.

*Capel,* 53 Miss. 350; *Case* v. *Hawkins,* 53 Miss. 702. The surety is subrogated to the rights of the creditor on payment of the judgment. *Moore* v. *The State,* 48 Miss. 159; *Price* v. *Martin,* 46 Miss. 499; *Dibrell* v. *Danbridge,* 51 Miss. 55; *Partee* v. *Mathews,* 53 Miss. 140. Of this right of subrogation under the judgment asserted in this case, Mrs. R. M. Marx has been deprived, against the well-known policy of enlightened jurisprudence, and if this judgment against her is sustained she is *driven* to the necessity of a "multiplicity of suits," in order to secure contribution from her principal and co-sureties. Such is not the policy of the law *in this age.* The alleged bond in this case was attempted to be executed in conformity with Code of 1880, § 3040. If it is a bond this section governs it, and its effect as declared by this section was "to bind the accused and his sureties on said bond, etc., until the principal shall be *discharged by due course of law,*" etc. We respectfully submit that when the principal was discharged from the bond by the State of its own motion, that the sureties were *eo instanti* released. The principal and the sureties, F. M. and W. J. Smith, were not before the court; the power of the court to get jurisdiction of said principal and sureties was ample: two returns of "not found" would have been sufficient.

*J. L. Harris,* for the State.

The only exception reserved in the court below was that the cause was dismissed as to the principal when there had not been two returns of "not found," and judgment final taken against appellant. This is the latest and most approved practice. *Saffold* v. *The State,* 60 Miss. 928. If exception had been taken to the action of the court below in permitting an amendment of the *scire facias* to conform to the judgment *nisi,* I would refer this court to *Pounds* v. *The State,* 60 Miss. 925.

COOPER, J., delivered the opinion of the court.

The *scire facias* does not recite the day or term of the court on which the judgment *nisi* was taken. It is apparent that the attention of the court was not directed to this fact, but it nevertheless exists, and the defendant having interposed a plea of *nul tiel* record

devolved upon the State the necessity of amending the writ before proceeding further against him. The district attorney asked and obtained leave to amend the writ in another particular, but it was not in fact amended, and if it had been the error noted would not have been cured. It was error to render the final judgment on the record shown. *Bridges' Case,* 24 Miss. 153; *Douthit's Case,* 30 Miss. 133. The objections actually made in the lower court were not well taken. It was not necessary for the State to proceed to judgment against the principal or the other sureties in the bond. *Saffold* v. *The State,* 60 Miss. 928. On the return of the case to the lower court the writ may yet be amended. *Pounds* v. *The State,* 60 Miss. 925.

*Judgment reversed.*