ROGERS v. GOINS.

(*Knoxville.* September 28, 1895.)

JUDGMENT NISI. *Essential to recovery of penalty from defaulting witness.*

A judgment *nisi* is essential to the validity of a proceeding by scire *facias* to recover the statutory penalty of a defaulting witness, and the want of it is not waived by appearance and defense on the merits.

Cases cited and approved: Upton *v.* Girdner, 8 Bax., 183; State *v.* Thomas, 11 Lea, 113; Slaughter *v.* Bridwell, 1 Head, 343; Kincaid *v.* Rogers, 3 Sneed, 1; Nott *v.* Smith, 2 Sneed, 244; State *v.* Dill, 2 Sneed, 414; State *v.* Lacey, 3 Hum., 225; Dickenson *v.* Kincaid, 11 Hum., 73; Duke *v.* Given, 4 Yer., 478; State *v.* Patterson, 7 Bax., 246; Payton *v.* Stuart, Peck, 156; 17 Tex. App., 120; 30 Miss., 133; 20 Ill., 381; 21 Ala., 257, 563; 5 B. Mon., 172; 16 N. J. L., 94.

FROM CAMPBELL.

Appeal from Chancery Court of Campbell County. H. B. LINDSAY, Ch.

S. I. ROGERS for Rogers.

J. E. JOHNSON for Goins.

WILKES, J. Complainant, Rogers, had defendant, Goins, subpœnaed to appear before Ed Gray, a Justice

of the Peace, with certain corporation books of the
city of Jellico, and to testify and give his deposi-
tion, to be used in a case in the Chancery Court
at Jacksboro, wherein the board of mayor and al-
dermen of Jellico were complainants against S. I.
Rogers *et al.*, defendants.   The witness failed to ap-
pear at the time and to bring the books, and com-
plainant caused a *scire facias* to issue from said
Chancery Court against Goins to appear and show
cause why judgment for a forfeiture of $125 should
not be taken against him.   On the hearing, the
Chancellor refused to give any judgment or take any
forfeiture, and complainant appealed to this Court
and assigned errors.   The matter has been heard by
the Court of Chancery Appeals, and they have af-
firmed the decree of the Chancellor, and complain-
ant has appealed to this Court.   The Chancellor
rested his decision on the ground that it was not
clear that his Court had jurisdiction, and because he
was of opinion that the defendant could not be re-
quired to produce the records of his office as Re-
corder of Jellico before the Justice of the Peace,
and that it was not clear that he was summoned to
testify independent and outside of the records which
he was commanded to bring with him.   The Court
of Chancery Appeals, without passing specifically
upon these grounds as sufficient, was of opinion
that there was a fatal defect in the proceedings in
the fact that there was no judgment *nisi* rendered
in the case on which to base the *scire facias*.   While

no case is reported in our books holding this in direct terms, it has been the universal practice. *Upton* v. *Girdner*, 8 Bax., 183; *State* v. *Thomas*, 11 Lea, 113–5; *Slaughter* v. *Bridwell*, 1 Head, 343; *Kincaid* v. *Rogers*, 3 Sneed, 1; *Nott* v. *Smith*, 2 Sneed, 244; *State* v. *Dill*, 2 Sneed, 414; *State* v. *Lacey*, 3 Hum., 225; *Dickenson* v. *Kincaid*, 11 Hum., 73; *Duke* v. *Given*, 4 Yer., 478–9. The same practice is followed in other States, and judgment *nisi* held indispensable. *Lindley* v. *The State*, 17 Tex. App., 120; *Douthitt* v. *The State*, 30 Miss., 133; *Conner* v. *The People*, 20 Ill., 381.

In Alabama, it has been held that a *scire facias* against a defaulting witness must set out the substance of the judgment *nisi*. *Spence* v. *Simmons*, 21 Ala., 563; *Amanuel* v. *Kitchun*, 21 Ala., 257. The final judgment in *scire facias* proceeding is not for a specific amount, but that execution issue upon a judgment *nisi* previously rendered fixing the amount. *Payton* v. *Stuart*, Peck, 156; *Murray* v. *Baker*, 5 B. Mon., 172; *Tindell* v. *Carson*, 16 N. J. L., 94. It is true, defendant did not demur, but sought to defend on the merits, and, ordinarialy, this would waive all errors, but in this case there is no judgment *nisi* fixing any amount to be made final. *State* v. *Patterson*, 7 Bax., 246–7.

We think there is no error in the decree of the Court of Chancery Appeals, and the defect pointed out is such as vitiates and makes void the judgment *in toto* and the decree is affirmed with costs.