DANIEL H. SMITH, JR., ET AL., *v.* STATE OF MISSISSIPPI.

1. CRIMINAL PROCEDURE.   *Forfeited bail bond.   Scire facias.   Service. Default.   Variance.*

   Parties to a *scire facias* on a forfeited bail bond, who are duly notified and who fail to make defense, cannot on appeal from a judgment by default predicate error of a variance between the bond and the *scire facias*.

2. SAME.  *Judgment nisi.  Scire facias.  Variance.*

    Where the *scire facius* is not supported in a material particular by the judgment *nisi* a judgment final inconsistent with the judgment *nisi* is erroneous.  *Bridges* v. *State*, 24 Miss., 154; *Ditto* v. *State*, 30 Miss., 126; approved.

FROM the circuit court of Claiborne county.

HON. WILLIAM K. McLAURIN, Judge.

Daniel H. Smith, Jr., was indicted for keeping a gambling table, gave bond for his appearance in the circuit court, with Daniel H. Smith, Sr., and John S. Porter as his sureties.  The defendant Smith, Jr., appeared in the circuit court at the term next after the execution of the bond, and upon being arraigned, pleaded guilty of gambling.  This plea was accepted by the court and a judgment entered suspending sentence, but at the same time condemning defendant to pay the costs and to stand committed to jail until such payment.  At the succeeding term of the court the judgment nisi mentioned in the opinion of the supreme court was rendered against defendant and the sureties on his bond, because of defendant's failure to respond when called in the case.  A writ of *scire facias* was issued to Claiborne county and it was duly served on the sureties, but as to the principal, Smith, Jr., was returned "not found;" and an alias writ, to Hinds county, was issued and returned "not found" as to the principal.  A judgment final by default was rendered against all of the parties who executed the bond in favor of the state, from which the parties to the bond appealed.

*Martin & Anderson*, for appellants.

There is a material variance between the judgment nisi and the *scire facias*.  The *scire facias* is founded on an alleged judgment nisi rendered on the eleventh day of January, A. D. 1898, while the judgment nisi in this case was rendered, as shown by the record, on the twelfth day of January, A. D. 1898.  The *scire facias* also declares that the principal made default on January 11, 1898, while the judgment nisi, as

shown by the record, makes it clear that the principal was called and made default on the twelfth day of January, 1898. The *scire facias* is founded upon the judgment nisi, and is process for the completion thereof. Therefore, if it varies from the judgment nisi, the entering up of judgment final is error. *Tucker* v. *State*, 55 Miss., 452, and *Bridges* v. *State*, 24 Miss., 153; *Knott* v. *Smith*, 2 Sneed (Tenn.), 244; *Spencer* v. *Simmons*, 21 Ala., 563; *Emanuel* v. *Ketchum*, 21 Ala., 257; Freeman on Judgments, 447.

*Wiley N. Nash*, Attorney-general, for the appellee.

It is respectfully submitted that an affirmance as to Smith, Sr., and Porter, the sureties, at least, should follow a consideration of the authorities. *Curry* v. *State*, 39 Miss., 515; *Fields* v. *State*, 39 Miss., 509; *Saffold* v. *State*, 60 Miss., 928; *Ditto* v. *State*, 30 Miss., 126; *State* v. *Rhonimus*, 47 Miss., 314; *Pollard* v. *Eckford*, 50 Miss., 636; code 1892, § 4378; *Chinn* v. *Commonwealth*, 5 J. J. Marshall, 29; *Adair* v. *State*, 1 Blatchf., 200; *Luckett* v. *Austin*, 4 Bibb, 181; *Brus* v. *Colgan*, 2 Litt., 286; *Saus* v. *People*, 3 Gil., 327.

WHITFIELD, J., delivered the opinion of the court.

As to Daniel H. Smith, Jr., the principal, the judgment is erroneous—being by default—because there was no personal service on him, nor were there, as required as an equivalent therefor by § 1396 of the code of 1892, "two writs of *scire facias* returned by the proper officer of the county where the bond or recognizance was entered into 'not found.'" *Stafford* v. *State*, 60 Miss., 928.

The sureties having been personally served, and having failed to appear, cannot predicate error here of a variance between the bond and the *scire facias;* because, in such case, the bond is "not properly a part of the record of that proceeding, but must be brought before the court by plea of *nul teil* record, or other appropriate plea." *Ditto* v. *State*, 30 Miss., at p. 128.

But there is a fatal variance between the judgment nisi and the judgment final, as to the date of the judgment.

Say the court in *Ditto* v. *State*, 30 Miss., 128: "Where the *scire facias* is not supported in a material respect by the judgment nisi, a judgment final inconsistent with the judgment nisi, is erroneous, and, if to a party's prejudice, must. be reversed." To the same point, identically, is *Bridges* v. *State*, 24 Miss., 154.

*Reversed and remanded.*