## Darius Payne *vs.* Zenas Snow & others.

The members of a lodge of Odd Fellows are not liable to an action at law by the father of a deceased member, by reason of a provision in their constitution that, "in case of the death of a brother, there shall be allowed from the lodge a sum, not less than thirty dollars, to defray the expense of burial; which shall be paid over without delay to the deceased brother's nearest of kin."

This action came before this court by appeal from a judgment of the court of common pleas, rendered upon an agreed statement of facts as follows:

" This is an action of contract to recover a funeral benefit of thirty dollars, of the defendants as members of the Rising Star Lodge, No. 76, of the Independent Order of Odd Fellows, instituted June 3, 1845, at Randolph, Massachusetts.

" The by-laws and constitution of said lodge provide that, in case of the death of a brother who shall have paid his initiation fee, assessments, fines, and weekly dues, and shall be in good and regular standing, there shall be paid to the nearest of kin of such brother a sum of not less than thirty dollars, to defray the expense of his burial, which shall be paid over without delay.

" The plaintiff sues as the nearest of kin of his son, Darius Lawrence Payne, who died, testate, July 27, 1851, leaving a widow, who died one month afterward, but no issue. His estate was solvent, and by his will, which was duly proved, he gave, after making legacies to sundry persons, and a provision for his widow, the residue of his property to his heirs. There were effects remaining in the hands of the executor, after all debts and legacies were paid by him, and the funeral expenses of said deceased. The son, at his decease, was, and for several years had been, a member of said Rising Star Lodge, and had paid all sums of money required of him by said lodge and was a member in good and regular standing therein. Subsequent to his decease, one of the defendants, on behalf of said lodge, and for the purpose of paying said funeral benefit, paid to his said widow twenty dollars, as part thereof,

and became personally responsible to her for the balance, to wit, ten dollars; but she dying as aforesaid, said balance was afterwards paid to her mother by one of said defendants. The lodge and the parties acting at the time considered the thirty dollars as paid to said widow, under their interpretation of the clause in the constitution relating thereto, and in accordance with the usage of the order and the custom of the lodge.

" The charters and constitutions of all subordinate lodges of Odd Fellows in Massachusetts, of which said Rising Star Lodge is one, are derived from, and conferred by a body called the ' Grand Lodge of the Independent Order of Odd Fellows of the State of Massachusetts,' instituted June 9, 1823, reinstated December 23, 1841. The charter and constitution of said subordinates, under which they now act, date from a time subsequent to 1840. Said Rising Star Lodge was under the jurisdiction of, and was amenable only to said grand lodge, and the officers thereof, so far as regarded its members, their doings and obligations under its charter and constitution. The interpretation, construction, and enforcement of the constitutions of all subordinate lodges, which are uniform and alike, and of the articles and clauses and terms thereof, so far as said subordinates are concerned, among themselves and their members, are by the acknowledged usages and custom of the order, vested in, and belongs only to said grand lodge and its officers. By the authoritative construction of the said grand lodge and its officers, and by the universal usage and common custom of the order, and of said Rising Star Lodge, the words 'nearest of kin' occurring in clause 2, article 2, of the constitution of subordinates, and referred to in the plaintiff's declaration, are understood to mean and intend the widow of any deceased brother, when the deceased leaves a widow; and the custom and usage has been and is, as authorized and sanctioned by said grand lodge and its officers, to pay the funeral benefit, so called, to said widow.

" The writ and declaration of the plaintiff, the answer of the defendants, the certified copy of the last will of Darius Law-

rence Payne, the printed copies of the constitution, by-laws, and rules of Rising Star Lodge, and of the Grand Lodge of Massachusetts, may be referred to and used in the case. At the time of the decease of the plaintiff's son, said Rising Star Lodge was composed of the several members whose names are mentioned in the answer filed in the case.

"If, under the foregoing statement of facts, the plaintiff can maintain his action against the members of said Rising Star Lodge, then he is to be allowed to summon the parties named in the answer as such members, without prejudice by reason of delay, and to have judgment against them for such sums as the court may determine. If said action cannot be sustained on these facts, then judgment for the defendants."

*N. C. Berry,* for the plaintiff.

*A. B. Ely,* for the defendants.

SHAW, C. J. This is certainly a case of entirely new impression, and it is one grave objection to the plaintiff's recovery, that no similar action has ever been sustained in this commonwealth. It is a suit against ten or twelve persons; and it is conceded that, if they are liable, forty or fifty more are jointly liable with them, composing a lodge of the Independent Order of Odd Fellows. So many considerations seem to be opened by the discussion, that we have neither time nor disposition to go at large into the details. It is conceded that the lodge is a voluntary association not incorporated, and that if liable at all, the members of it are liable in their individual capacities, as joint promisors. But this lodge itself, this aggregation of individuals, is but the component part of another aggregation of individuals, denominated the "Grand Lodge," to whom, by the same voluntary agreement, the whole of the funds of the particular and subordinate lodge may at any moment, upon various contingencies, be forfeited and appropriated.

But supposing the particular lodge stood alone, still the difficulty presents itself, of a suit for thirty dollars, upon the joint promise of, say sixty persons, constituting a voluntary association of individuals, perpetually changing by the retire

ment of members and the admission of others. Shall the same sixty individuals, who constituted the lodge when the implied promise took effect, be sued, though they have ceased to be members? If not, how can the residue be held upon a joint promise? Or shall those be sued who were not members when the implied promise took effect, but who have become such when the action is brought? If so, what joint promise of those who have since come in can be proved by the evidence?

But without encountering these difficulties, we think there are two plain legal grounds upon which it must be held that this action cannot be maintained.

1. The constitution and by-laws of the lodge, treating them as articles of a voluntary association, do not amount to a promise to each member by all the rest, to pay him anything. The stipulation in the by-laws is, that, on the death of each member, there shall be allowed from the lodge a sum not less than thirty dollars, to defray the expense of burial, to be paid without delay to the deceased's nearest of kin. The payment is for that purpose. It is, if any promise at all, a promise by each member to contribute, by periodical and other payments, towards a certain fund, for all the purposes contemtemplated by the association, including money to be paid promptly for the expenses of burial, to be done usually before letters testamentary, in case of a will, or letters of administration, in case of intestacy, can be regularly issued. In other words, the promise of each member is to pay money to the lodge; and the lodge, not being incorporated, can maintain no suit. If it creates any right which can be recognized by law, it is an equitable right only to a share in a common fund, raised either for purposes purely charitable, or for their joint benefit, and can only be enforced in equity. And if there were any ground for such equitable relief, as in case of partners in a joint fund, raised for a special purpose, of which we give no intimation, such equitable relief could be sought only by a member or his legal representative.

2. But supposing this stipulation in the constitution and by-laws of the lodge, to amount to an express promise to pay

thirty dollars upon a certain contingency, there is no consideration for such promise moving from the plaintiff to the defendants, or from any person acting in privity with him or acting for his use or benefit, or with an intent and purpose to obtain a benefit to the plaintiff. There is no ground to infer, from the facts agreed, that the son, who was a member of the lodge, in paying his contributions thereto, had any purpose of obtaining money from the lodge, in case of his death, for the use of his father, or other next of kin, for his own benefit; to whomsoever it might be paid, under these provisions, it was a naked trust, for defraying the charges of his burial. It is, therefore, not at all analogous to the case, where A owes B and B owes C, and in consideration that B will release A, he promises to pay C. Such promise is valid, and C may sue A upon it. The reason is, that although the consideration for A's promise to C, does not move from C, it moves from A for C's use and benefit.

Where a father, desirous of making a provision for his daughter, conveys property to A B, in consideration of which A B promises to give a certain sum to the daughter, she has a right of action, because the consideration moved from one acting for her use and benefit. The cases, therefore, of *Hall* v. *Marston*, 17 Mass. 575; *Carnegie* v. *Morrison*, 2 Met. 381; and others of that class, are not applicable.

Without considering various other questions suggested by the case, the court are of opinion, that upon the facts agreed, this action cannot be maintained. . *Plaintiff nonsuit.*