HUNTER *v.* THE STATE.

JURISDICTION—RECOGNIZANCE.—A person, who has been indicted for felony and arrested in one county, but, by reason of the insufficiency of the jail thereof, is confined in the jail of an adjoining county, may apply, by petition for writ of habeas corpus, to the judge of the Court of Common Pleas of the latter county, to be there admitted to bail, and such judge may legally grant such writ, and direct the prisoner to be admitted to bail, in the penalty prescribed by the Court of the county where the indictment was found, and, if the prisoner execute such recognizance with surety, conditioned for his appearance at the next term of the proper Court, and the same be approved by the sheriff of the county in which he is so confined, such recognizance will be valid, although the day of the

month on which said Court will meet may be incorrectly recited in such recognizance.

APPEAL from the *Warren* Circuit Court.

DAVISON, J.—The facts alleged in the complaint and the exhibits therewith filed are substantially these: At the *September* term, 1859, five indictments were filed in said Court against one *Chas. H. Hunter*, upon each of which he was required to give bail in 300 dollars; upon these indictments he was arrested, but failed to give the required bail; and the jail of *Warren* county, having been deemed insufficient, he was imprisoned in the jail of *Tippecanoe* county. While thus in prison he applied to the sheriff of the last named county to admit him to bail, who refused his application; but the said sheriff, in obedience to a writ of habeas corpus, took him before *Gustavus A. Wood*, the then judge of the Common Pleas Court of said county, and before said judge, with *John P. Hunter* as his surety, he entered into five several recognizances, each of which is in the form and to the effect following:

"STATE OF INDIANA, *Tippecanoe* county, *sct.*

"Be it remembered that on the 15th of *November*, 1859, before me, *Gustavus A. Wood*, judge, &c., personally came *Charles H. Hunter* and *John P. Hunter*, and jointly and severally acknowledged themselves to owe and be indebted to the State of *Indiana* in 300 dollars, to be levied of their respective goods and chattels, lands and tenements, if default be made in the following condition, viz: If the above named *Charles H. Hunter* shall personally be and appear before the judge of the Circuit Court, on the first day of the next term thereof, to be holden at the court house in the town of *Williamsport*, in said county of *Warren*, on the third *Monday* of *April*, 1860, then and there to answer unto said State on indictment for grand larceny, and not depart thence without

leave, &c., then the above recognizance to be void, &c.; other-wise to be and remain in full force, &c.

"CHARLES H. HUNTER, [SEAL.]
"JOHN P. HUNTER, [SEAL.]

"Taken, acknowledged before and approved by me, *John M. Goodman*, Sheriff.

"GUSTAVUS A. WOOD, [SEAL.]
"Judge Common Pleas, *Tippecanoe* county."

At the term of the *Warren* Circuit Court, next after the execution of the recognizances, *Charles H. Hunter* was duly called, but failed to appear, and, thereupon, judgment of forfeiture was duly entered, &c.

Process in the present case was, as to *Charles H. Hunter*, returned not found. The defendant, *John P. Hunter*, appeared and demurred to the complaint, but his demurrer was over-ruled. He then answered by five paragraphs; to each of which the plaintiff demurred. The Court sustained the demurrer, and rendered judgment against the defendant.

Against the validity of the complaint it is argued that the judge of the *Tippecanoe* Common Pleas had no authority to admit the prisoner to bail. We think otherwise. The recognizances are each in the penalty ordered by the Court. On account of the insufficiency of the jail of *Warren* county the accused was imprisoned in *Tippecanoe*.county. See 1 R. S. p. 347, § 11. And the statute expressly provides, that "the judge of the Common Pleas Court, within his district, shall have power to issue writs of habeas corpus, and to discharge, recommit or hold to bail, as the exigencies of the case may require." 2 R. S. p. 20, § 23. It is true no special order of the Court, directing the prisoner to be sent to the jail of *Tippecanoe* county, is alleged to have been made; but his petition for the writ of habeas corpus, which was filed with the complaint, and constitutes a part of it, distinctly avers that he

Hunter *v.* The State.

was imprisoned in said county on account of the insufficiency of the *Warren* county jail, and prays that he be admitted to give bail, &c. This averment was enough to authorize the judge to hear the case made by the petition, and the result is the recognizances must be deemed operative and binding on the parties. There is, however, another ground upon which the appellant relies for a reversal. The recognizances required the accused to appear before the *Warren* Circuit Court, at the next term thereof, to be holden on the third *Monday* of *April,* 1860. And the fifth paragraph of the answer, to which a demurrer was sustained, sets up affirmatively that *Charles H.* *Hunter,* the accused, was at the court house in *Williamsport,* in the county of *Warren,* on said third *Monday* in *April,* in discharge of his recognizance, but the judge of the Court was not there, nor was the Court in session, and, therefore, he could not appear, &c. We will judicially notice, that the term of said Court next after the execution of the recognizances was, as directed by law, to commence on the fourth *Monday* of *April,* 1860, and that being the case, the condition of the recognizance could not be performed by *Hunter,* otherwise than by his appearance on the first day of that term. He bound himself to appear at the next term after the date of his contract, and having failed to do so he and his surety became liable on the recognizance, though on its face the time of the commencement of the term is inacurately stated. 2 R. S. p. 213, § 790.

*Per Curiam.*—The judgment is affirmed, with costs and 1 per cent. damages.

*W. P. Rodes,* for the appellant.

*Oscar B. Hord,* Attorney General, for the State.