THE PEOPLE OF THE STATE OF ILLINOIS

*v.*

WILLIAM W. O'BRIEN *et al.*

1. SCIRE FACIAS *on recognizance—what must be averred.* It is not necessary that it should be alleged in a *scire facias* on a recognizance, that the principal cognizor was indicted by the grand jury, at the term of the court named in the recognizance.

2. RECOGNIZANCE—*at what "term" the principal should appear.* Where a recognizance is conditioned for the appearance of the principal cognizor at the "next term" of the court, it must be understood to mean the next term at which criminal business can be transacted, and does not refer to a term which may happen to intervene, and which by law must be devoted exclusively to civil business.

WRIT OF ERROR to the Circuit Court of Peoria county.

The opinion of the court contains a sufficient statement of the case.

Messrs. McCULLOCK & TAGGART, for the plaintiffs in error.

Messrs. O'BRIEN & CRATTY, and Messrs. JOHNSON & HOPKINS, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a *scire facias* upon a recognizance and demurrer thereto, and judgment on the demurrer for the cognizors. The people bring the case here by writ of error, assigning this judgment as error.

The case is, that one Drury Dalton entered into a recognizance before two justices of the peace of Peoria county, to answer an indictment for larceny, which recognizance the defendants in error signed as sureties. At the April Term, 1865, the recognizance was forfeited by the non-appearance of Dalton, and a *scire facias* ordered. That writ issued April 20, 1865. On demurrer to the *scire facias*, these points were made and are again made here. First, the *scire facias* does not allege that Dalton was indicted by the grand jury at the term of the court named in the recognizance.

This objection is not tenable, as decided by this court in *Alley* v. *The People*, 1 Gilm. 109, and *Wheeler* v. *The People*, 39 Ill. 430.

The second point made is, that the recognizance was conditioned for the appearance of Dalton, at a term and time when his appearance was impossible in law.

This is a serious objection, but it is obviated, we think, by a reference to a few considerations growing out of the requirements of the statute applicable to the county of Peoria.

The recognizance was taken on the 16th day of January, 1865, and was conditioned for the appearance of Dalton at the next term of the Circuit Court.

Now, it is argued by the defendants in error, that, by the law of 1863, the terms of the Circuit Court in Peoria county are fixed for the first Mondays of February, April, June, September, October and December, and it provides that the terms of that court held in February, June and October, shall be devoted solely to the trial of civil, common law and chancery cases, and that the terms to be held in April, September and December, shall be devoted solely to the finding of indictments and the trial of criminal cases, and the hearing of motions con-

nected with criminal proceedings and trials of suits on forfeited recognizances, and inasmuch as the recognizance was conditioned for the appearance of the prisoner at "the next term," which would be the February Term, and that being by law a term devoted solely to civil business, his undertaking was void and the Circuit Court at such term would have no jurisdiction of the offense to try it.

We think there is no difficulty in this question or in the proper disposal of the point made.

The recognizance must have a reasonable interpretation in view of the existing law fixing the terms of the Circuit Court, and giving them jurisdiction. Now, as the "next term" after entering into the recognizance was a civil term, and the parties entering into it must be presumed to know the law, the essence of their undertaking was, that the prisoner should appear at that term next ensuing the recognizance, when an indictment could be found, and all criminal matters investigated. The civil terms were not "terms" in reference to the subject-matter of this recognizance. The "next term" of the Circuit Court, as stated in the recognizance, must be understood to mean the next term at which criminal business could be transacted.

We have looked into the authorities cited by defendants in error, but do not perceive they have any direct bearing on the points made, except the case of *Manes* v. *The State*, 20 Texas, 38, which seems to favor the view presented by the plaintiffs in error.

The judgment of the Circuit Court, for the reasons given, must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*