CURRY *v.* STATE, 39 Miss. R., 511.

### FORFEITURE OF RECOGNIZANCE.

A recognizance for the party charged with an offense is not void on account of a mistake in it in regard to the time of holding the court to which it is returnable. Rev. Code, 139, art. 201; ib., 620, art. 291; ib., 632, art. 368.

Error to Adams circuit court. CASSIDY, J.

A recognizance was taken by a justice of the peace for the appearance of one McKeevin to answer a charge of forgery. Curry, the plaintiff in error, was surety. The recognizance was conditioned for the appearance of McKeevin " at the next term of the circuit court of Adams county, to be holden at the courthouse thereof, in the city of Natchez, *on the first Monday of May next,* 1859."

The time of holding said term was the sixth Monday after the fourth Monday in March, which in that year was the second Monday in May.

A judgment *nisi* having been entered against the cognizors, a *scire facias* was issued thereon. In the *scire facias* the recognizance was described as being condition for the appearance of said McKeevin " at the next term of the circuit court of Adams county, to be holden at the court-house in the city of Natchez, on the first Monday of May, 1859."

Curry moved to quash the recognizance because it was void. This motion being overruled, he pleaded *nul tiel record* to the *scire facias,* upon which plea issue was joined. The district attorney then asked leave to amend the *scire facias,* so as to make its recitals in relation to the recognizance correspond to the facts of the case. The amendment was made, and then the court found the issue on the plea of *nul tiel record* against the plaintiff in error. Curry then sued out this writ of error.

*J. S. B. Thacher,* for plaintiff in error.

1. The action of the court below in overruling the demurrer to the *scire facias* was erroneous. Recognizances must be made returnable to the term of the court next to occur by law after

the time that they are taken. Butler v. State, 12 S. & M., 470. The high court can now quash the *venire facias.* Ib.

2. The court erred in permitting the district attorney to amend the *scire facias.* The application came too late, after plea of *nul tiel record* and issue thereon. It could be made only upon an application to set aside or quash the writ. Code, 490, art. 70. A *scire facias* can be amended only where some matter may have been omitted which is required to be inserted in or indorsed on the process. Rev. Code, 490, art. 70. The amendment made had the effect of destroying what was before a valid process, though not sustained by the recognizance. The statute of amendments applicable to mere pleadings does not apply to process, because a special statute (Rev. Code, 490, art. 70) regulates amendments to it, and because process is not pleading, and a *scire facias* is process.

3. Under the issue of *nul tiel record*, there was a fatal variance between the recognizance and the *scire facias* unamended; and, when amended, the recognizance being void, the judgment should have been for the defendant and not for the state.

*T. J. Wharton*, attorney general.

Under the Code, all merely formal statements in such instruments as a recognizance have been abolished. All recognizances taken by any officer in the discharge of his duties, shall be binding on the obligors therein, whether taken in the form presented or not, so that the substantial matters required are set out; they shall only be void, so far as they are conditioned for performance of acts in violation of the law or policy of the state. Rev. Code, 139, art. 201. So it is declared that all recognizances taken in criminal cases, whether they describe the offenses committed or not, shall have the effect to hold the party bound thereby, to answer to such offenses as he may have actually committed, and shall be valid for that purpose until he be discharged by the court. Rev. Code, art. 368; ib., 620, art. 291.

The action of the court in permitting the amendment of the *scire facias*, by the district attorney, was clearly correct. The power to order the amendment remained in the court notwithstanding issue had been joined on the plea of *nul tiel record*,

according to the rules and regulations prescribed in the Revised Code upon the subject of amendments. It was a matter purely within the discretion of the court. The discretion was wisely exerted to make the *scire facias* correspond with the terms and conditions of the recognizance. It did not impose a liability upon the party which he had not incurred by his own act. It conformed to the obligation he took upon himself in the recognizance. It subserved the ends of justice; made the *scire facias* to conform to the recognizance; held the party to his own covenants. It obviated a merely technical objection.

PER CURIAM:

The first error assigned is the refusal of the court to quash the *scire facias,* upon the ground that the recognizance was void.

The recognizance was conditional for the appearance of defendant below "at the next term of the circuit court," to be held, &c., "on the first Monday in May next, 1859."

The *scire facias* recited a recognizance to appear "on the sixth Monday after the fourth Monday in March, being the *second* Monday in May."

The recognizance was not void. See Code, 139, art. 201; Ib., 620, art. 291; Ib., 632, art. 368.

Second and third. The plea of *nul tiel record* was properly overruled *after* the *amendment* of this *scire facias,* which the court possessed the undoubted right to allow, so as to make it conform substantially to the recognizance upon which it was founded.

The *scire facias* is to be regarded as a complaint in the proceeding, as well as the process or writ, by which the defendant is summoned to appear.

Let the judgment be affirmed.

