STATE OF MAINE, by *scire facias*, vs. ABNER GILMORE, and others.

Waldo. Opinion March 19, 1889.

*Scire facias. Recognizance. Description of offense. Effect of default.*

A recognizance taken by a magistrate in a criminal case must show at what court the conusor is required to appear, and that an offense was committed within the jurisdiction of the magistrate.

The record of default entered in the proper court upon such recognizance is conclusive of the fact and sufficient to maintain *scire facias* upon the same.

ON EXCEPTIONS.

This is an action of *scire facias* on a recognizance given in the police court of the city of Belfast, on a complaint charging said Abner Gilmore with keeping and maintaining a common nuisance. Plea, the general issue.

The case was referred to the presiding justice with the right to except.

The state introduced in evidence the complaint and warrant, record of examination in the police court, recognizance, indictment found against said Gilmore at the October term, 1887, of this court, and the docket entries in the matter of said indictment no record of said case having been extended. No evidence was introduced by the defense.

The defendants contended that the state could not recover:

Because the complaint before the police court was not sufficient to hold said Gilmore to bail.

Because neither said complaint nor the recognizance sufficiently described the offense of keeping and maintaining a common nuisance.

Because the indictment charged a different offense from that charged in said complaint, and described in the recognizance.

Because the time, in which the offense was alleged to have been committed, is stated in the indictment differently from that charged in the complaint and in the recognizance.

Because the indictment is not sufficient in law.

The presiding justice gave judgment for the state, and the defendants excepted.

The portions of the complaint and recognizance to which defendants excepted, are as follows: "that said Abner Gilmore on the first day of August, A. D. 1887, and on divers other days and times, between that day and the day of making of said complaint, at Belfast aforesaid, in the county of Waldo aforesaid, did keep and maintain a place of resort where intoxicating liquors were and are kept and sold and given away and drank, and dispensed in divers manners not provided for by law, to the great and common nuisance of all good citizens of the state of Maine, and contrary to the statute, in such case made and provided."

The recognizance was returnable to the October term, 1887, of this court, Waldo county. On the 13th day of the term, both principal and sureties were defaulted.

At the same term of the court the following indictment was returned by the grand jury;—

"The jurors for said state upon their oaths present that Abner G. Gilmore of Belfast, in said county, at Belfast in said county of Waldo, on the first day of July, in the year of our Lord one thousand eight hundred and eighty-seven, and on divers other days and times between said first day of January aforesaid, and the day of the finding of this indictment, without any lawful authority, license or permission, did knowingly and wilfully keep and maintain a common nuisance, to wit: A certain room in a building called the Angier House on the westerly side High street in said Belfast, then and there by him, the said Abner G. Gilmore, used for the illegal sale and illegal keeping for sale of intoxicating liquors, to the great damage and common nuisance of all citizens of said state and contrary to the form of the statute in such case made and provided."

*W. H. Fogler, J. S. Harriman,* with him, for defendants.

The indictment offered in evidence by the state is against Abner G. Gilmore, and not the defendant. It also charges that the nuisance was kept, &c., on the first day of July, A. D. 1887, and on divers other days and times between said first day of January aforesaid, and the day of finding of this indictment.

No sufficient description of offense, in complaint, or recognizance. *State* v. *Lane,* 33 Maine, 536.

The alleged nuisance is described as a "place of resort." There is no description or designation of the alleged nuisance or of the place where it is alleged to exist.

"Locality is an essential element of the offense denominated a common nuisance. There can be no such nuisance without a designation of the place where it is alleged to exist." *State* v. *Lashus,* 67 Maine, 564.

The omission to describe the alleged nuisance is not cured by R. S., ch. 133, § 25; for that statute provides that it must appear "from the description of the offense charged that the magistrate was authorized to require and take" the recognizance.

As neither the complaint nor the recognizance contain a sufficient description of any offense cognizable by the magistrate, the recognizance is void for want of jurisdiction. *State* v. *Lane,* 33 Maine, 538; *State* v. *Hartwell,* 35 Maine, 129.

Section 1, c. 17, R. S., declares, first: "All places used * * * * for the illegal sale or keeping of intoxicating liquors, &c.;" secondly: "All places of resort where intoxicating liquors are kept, &c.," to be common nuisances.

The two offenses are distinct, requiring distinct allegations descriptive of the offense.

Proof of facts which constitute one of the offenses will not warrant a conviction of the other offense. *State* v. *Dodge*, 78 Maine, 439.

The complaint upon which this recognizance was taken, as appears by the complaint and as recited in the indictment, charged that Abner Gilmore "did keep and maintain a place of resort," &c. The condition of the recognizance is that said Gilmore appear and "answer to said accusation"—the accusation of keeping and maintaining "a place of resort." No breach of that condition is shown.

The indictment put in evidence charges that "Abner G. Gilmore did keep and maintain a certain room (described) used for the illegal sale and illegal keeping for sale of intoxicating liquors."

Under this indictment, as shown by the docket entries, Abner Gilmore and the other two defendants were called and defaulted, and for such default the state claims to maintain an action upon the recognizance.

Action not maintainable, because the indictment charges a different offense from that charged in the complaint and recited in the recognizance; and because the respondent charged in the complaint is Abner Gilmore, and the person charged in the indictment is Abner G. Gilmore. There is no proof that the person charged in the complaint is the same charged in the indictment.

The indictment is bad. Every material fact which serves to constitute the offense charged should be alleged and set forth in the indictment with precision and certainty as to time. *State* v. *Thurstin*, 35 Maine, 205.

The words in the indictment "and on divers other days and times between said first day of January aforesaid and the day of the finding of this indictment" cannot be treated as surplusage, because reference is afterwards made to time and place by the words "then and there."

"When two distinct times and places have been mentioned in, and at which, the substantive offense has been committed, and reference is afterwards made to time and place by the words "then and there," the allegation will be deemed defective, as it will be uncertain to which time and place "then and there" refer. *State* v. *Jackson,* 39 Maine, 296; *State* v. *Hurley,* 71 Maine, 355; *State* v. *Day,* 74 Maine, 220; *State* v. *Buck,* 78 Maine, 193.

The condition being to appear and answer to an accusation recited in the recognizance, the principal conusor is not bound to appear and answer to any other accusation; *a fortiori,* he is not bound to answer to an indictment which contains no accusation against him. Certainly he is not bound to answer to an indictment against another person.

*R. F. Dunton,* county attorney, for state.

The complaint sufficiently describes the offense of keeping and maintaining a common nuisance, and the recognizance follows the language of the complaint. R. S., c. 17, § 1. *State* v. *Lang,* 63 Maine, 215.

It is not necessary in a recognizance to state an offense with all the precision required in an indictment. All that the statute requires is, that it can be sufficiently understood from the tenor of the recognizance, at what court the party was to appear, and from the description of the offense charged, that the magistrate was authorized to require and take the same. R. S., c. 133, § 25; *State* v. *Hatch,* 59 Maine, 410; *State* v. *Howley,* 73 Maine, 552.

It is not necessary to describe the place, in a complaint for liquor nuisance. *State* v. *Lang,* 63 Maine, 215.

The offense charged in the indictment is the same as that charged in the complaint and described in the recognizance. Each describes a nuisance under the same section of the statutes. While the language differs, the substance is the same. Evidence which would sustain the indictment, would also sustain the complaint, and a conviction upon the indictment would be a bar to an indictment describing the offense in the language of the complaint. *State* v. *Lang,* 63 Maine, 215.

In *Commonwealth* v. *Slocum,* 14 Gray, 395, respondent recognized on a complaint for being a common seller of intoxicating

liquors, and the court held that his failure to appear and answer to an indictment found against him for the same offense, was a breach of the conditions of the recognizance, although the indictment charged the commission of the offense during a longer period of time, and also contained counts for unlawful single sales of intoxicating liquor.

The error as to time, in charging a continuation of the nuisance, in the indictment, is immaterial and may be rejected as surplusage. *State* v. *Noble*, 15 Maine, 476 ; *State* v. *Mayberry*, 48 Maine, 218 ; *State* v. *Madison*,63 Maine, 546.

It is not necessary to allege or prove that the respondent was indicted. The default was a breach of the recognizance, and fixed the liability of the bail. It is presumed to have been rightfully entered, and, while it stands, full effect is to be given to it in all matters dependent upon it. *State* v. *Cobb*, 71 Maine, 198 ; *Commonwealth* v. *Dowdican's Bail*, 115 Mass. 133.

No question is raised as to the identity of respondent in the complaint and indictment. In fact, the exceptions admit the identity.

HASKELL, J. *Scire facias* upon a recognizance taken before the judge of the police court for the city of Belfast.

I. It is contended that the complaint upon which the recognizance was taken is insufficient, and that the latter does not sufficiently describe an offense and is therefore void.

To the recognizance "we must look," and beyond that "we can not go for a description of the offense." *State* v. *Lane*, 33 Maine, 536. But R. S., c. 133, § 25, declares that no recognizance in a criminal case shall be invalid for any defect in form, if it can be sufficiently understood from its tenor at what court the party was to appear "and, from the description of the offense charged, that the magistrate was authorized to require and take the same." "All this statute requires is, that it should appear from the description of the offense, that the court taking the recognizance had jurisdiction. It does not require technical precision in the description." *State* v. *Howley*, 73 Maine, 552, 555.

The description of the offense given in the recognizance in

suit is in the exact language of § 1 of c. 17, of R. S., that declares certain places of resort to be common nuisances; and charges that the principal conusor, "on, &c., at Belfast, &c., did keep and maintain" the same. This description clearly enough shows an offense, committed within the jurisdiction of the magistrate, to authorize him to examine into the same and take bail.

II. It is contended that no indictment was found for the same offense described in the recognizance, and, therefore, no judgment upon the same could be rendered in favor of the state.

The case shows that the recognizance in suit was returned to the proper court, at a term thereof when and where the principal conusor had engaged to appear, and that he did not so appear but made default, and that his default, and the default of his sureties to then and there have him present, as they had engaged to do, were entered of record.

By the default, the penalty named in the recognizance became forfeited, and ripe for suit in the state's behalf. " 'The record of the default is conclusive evidence of the fact, and, of course, not subject to be impeached, controverted or affected by extrinsic evidence.' *Commonwealth* v. *Slocum*, 14 Gray, 397; *Commonwealth* v. *Bail of Gordon*, 15 Pick., 193." *State* v. *Cobb*, 71 Maine, 207.

*Exceptions overruled.*

PETERS, C. J., DANFORTH, LIBBEY, EMERY and FOSTER, JJ., concurred.