THE STATE *ex rel.* GIBSON, *Prosecuting Attorney*, v. LAY, *Special Judge.*

Division Two, May 21, 1895.

|128   609|
| 66a  152|
|128   609|
| 69a  380|
|128   609|
|141   487|
|128   609|
|165   278|

1. **Criminal Practice**: ROUTINE BUSINESS. Orders of a court of record of general jurisdiction pertaining to its routine business are not necessarily judicial.

2. ———: CHANGE OF VENUE: RECOGNIZANCE. A defendant in a criminal case, to whom a change of venue to the circuit court of another county has been awarded, and who has entered into a recognizance to appear therein, is bound to appear at the next succeeding term of such court; and this is true although the time for his appearance as required in the recognizance had passed when it was executed.

3. ———: ———: ———: CLERICAL ERROR. The recital in the recognizance as to the time of the appearance will be treated as a clerical error.

4. ———: ———: ———. Where a sheriff, under Revised Statutes, 1889, section 4126, takes and approves the recognizance of a defendant and files the same in the office of the circuit clerk, he can not impair its validity by subsequently removing it from the clerk's office and withdrawing his approval.

5. ———: ———: ———. The circuit court has in such case authority to protect its records notwithstanding jurisdiction of the cause itself has been lost by the entry of an order granting a change of venue.

6. ———. ———. Where an order for a change of venue has been duly entered of record, the county to which the venue is changed immediately acquires jurisdiction of the cause.

7. ———: ———. *Semble,* that the awarding a change of venue in a criminal case in the absence of the prisoner is of doubtful propriety.

*Mandamus.*

PEREMPTORY WRIT DENIED.

*D. M. Gibson* and *M. T. January* for relator.

(1) The continuing recognizance, entered into by defendant at the November term, 1893, of the Vernon county circuit court, continued in force until released by a new valid obligation to appear at the Henry county circuit court. (2) Such an obligation has not been given in this case because: *First.* The sheriff was not authorized to accept a bond, the defendant not being in custody. *Second.* The bond tendered to the sheriff was conditioned to appear at an impossible date—a day that had already passed, and was hence not a valid obligation. R. S. 1889, sec. 4126; *State v. Stone*, 106 Mo. 1. (3) A recognizance taken by one not authorized is void. *State v. Randolph*, 26 Mo. 213; *State v. Randolph*, 22 Mo. 479; *State v. Woolery*, 39 Mo. 525; *State v. Caldwell*, 28 S. W. Rep. 4. (4) The Henry county circuit court has never acquired jurisdiction, because the application for change of venue was presented and granted in term time, and defendant did not enter into a recognizance in open court for his appearance in Henry county nor was he remanded to the custody of the sheriff. R. S. 1889, sec. 4163. (5) *Mandamus* is the proper remedy, because, *first*, the state has no other remedy to enforce her criminal laws; *second*, the prosecuting attorney has a special interest to subserve, to wit, the proper performance of his official duties; *third*, the acts to be done by the court were ministerial. (6) All of the facts being found by the court, and nothing remaining to be done but to carry out the legal conclusion from those facts, *mandamus* will lie to compel the performance of the act. High on Extraordinary Leg. Rem., sec. 235; *State v. Snyder*, 98 Mo. 555. (7) The state was entitled to the presence of defendant at the November term, 1894, and, by reason of his nonappearance, a

*capias* should have been ordered for his arrest, and a judgment of forfeiture of his bond entered.

*Irvin Gordon* and *G. S. Hoss* for respondent.

*Mandamus* will not lie in this case for a number of reasons. *First.* It will not compel an inferior judicial tribunal to enter up any particular judgment nor to reverse its decision when it has once acted. *Second.* It will not lie for the reason that the court, in passing upon this motion and overruling it, was a judicial officer and acted in a judicial capacity. *Third.* The judgment of this court, in overruling the motion, was right; and if wrong, the relator has a remedy by appeal or writ of error. *Dunklin Co. v. Dist. Court,* 23 Mo. 449; *State ex rel. v. Lafayette Co.,* 41 Mo. 221; *State ex rel. v. McAuliffe,* 48 Mo. 115; *State ex rel. v. Wilson,* 49 Mo. 146; *Miltenberger v. Co. Court,* 50 Mo. 172; *State ex rel. v. Garasche,* 65 Mo. 489; *State ex rel. v. Co. Court,* 68 Mo. 29; *State ex rel. v. Young,* 84 Mo. 90; *State ex rel. v. Court of Appeals,* 87 Mo. 374; *Ex parte Chambers,* 10 Mo. App. 240; *People ex rel. v. Pratt,* 28 Cal. 166; *Board v. Grant,* 9 S. & M. 77; *People v. Rearson,* 2 Scam. 189; High's Extraordinary Legal Remedies, secs. 243a, 244, 247, 251 *et seq.*

BURGESS, J.—This is a proceeding by *mandamus* at the relation of the prosecuting attorney of Vernon county against the defendant as special circuit judge of said county, having jurisdiction of the subject-matter and of the party, to compel him as such judge to order *capias* for the apprehension of, and to forfeit the recognizance of, one Caldwell who had theretofore, to wit, at the November term, 1893, of said court, been indicted for grand larceny, and had entered into recognizance

for his appearance at the following April term of said court to answer to said indictment, but had made default.    The recognizance was a continuing one.

At the April term, 1894, on his application, a change of venue was awarded Caldwell, who was not then in attendance upon said court, his presence being waived by the prosecuting attorney in so far as in his power to do so, and an order entered of record transferring the cause to the circuit court of Henry county. Defendant did not then enter into recognizance in open court for his appearance at the next regular term of the Henry circuit court, but the court made an order of record fixing his bond at $700 for that purpose and directing the sheriff of said county of Vernon to take and approve the same.    The next term of the Henry circuit court began on the ——— day of September, 1894.    On the fifteenth day of September, Caldwell presented a recognizance to the sheriff of Vernon county for his approval, conditioned for his, Caldwell's, appearance in Henry county circuit court on September——, 1894.    The sheriff indorsed his approval on the recognizance and deposited it in the clerk's office, but afterward regained its possession, erased his name, and never returned the recognizance.

At the November term, 1894, of the circuit court of Vernon county, relator, as prosecuting attorney of said Vernon county, filed a motion to forfeit Caldwell's original recognizance, and for an order for a *capias* for his apprehension, which the court, by an order of record, overruled, and failed and refused to either forfeit the recognizance or to order a *capias* for his arrest, because of its want of jurisdiction to do so, the cause having been transferred to the circuit court of Henry county.

It is contended by relator that *mandamus* is the proper remedy under the facts as disclosed by the

record, the state having no other remedy, and the action of the court, in refusing to forfeit the recognizance, and to order a *capias* for the arrest of Caldwell, being merely ministerial, while upon the other hand the contention is, that the action of the court was judicial, and that, in such case, *mandamus* will not lie.

All orders and mere routine business, even by a court of general jurisdiction, are not necessarily judicial, depending largely upon their nature and result.

The validity of the first recognizance is not questioned, and, it may be conceded, was in full force and binding upon the principal therein, until the full measure of its terms had been complied with by Caldwell, by his appearance in court, his surrender by his securities, or the giving by him of a new recognizance. The sections of the statute which have any bearing upon the question now under consideration will be referred to in the course of this opinion.

Section 4160 is as follows: "Every order for the removal of a cause, if made in term, shall be entered on the minutes; if made by an officer out of court, shall be in writing and signed by such officer, and shall be filed by the clerk with the petition, if any, as a part of the record in the cause."

Sec. 4161. "When such order shall be made, the defendant, if not in confinement or custody, shall enter into a recognizance, with sufficient sureties, for his appearance to answer the charge in the court to which the cause is to be removed, at the next term thereof, and not to depart such court without leave."

Sec. 4162. "Such recognizance may be taken by the court or judge making the order, or by any court or officer authorized by law to let to bail after indictment, and when taken out of the court in which the cause is pending, shall be filed with the clerk thereof."

Sec. 4163.   "No order for the removal of a cause shall be effectual in the case of any defendant not in confinement or custody, unless a recognizance, taken as herein directed, be entered into in open court, or delivered with the order and filed with the clerk of the court, nor unless such order be delivered before any juror is sworn in the cause; and in no case shall a second removal of any cause be allowed."

The first section quoted pertains to the manner of removal of a cause.   The next succeeding section provides that the defendant shall enter into a recognizance for his appearance in the court to which the change is granted, while the next section succeeding that one, 4162, provides, that such recognizance may be taken by the court or judge making the order, or by any court or *officer* authorized by law to let to bail after indictment, and when taken out of the court in which the cause is pending, shall be filed with the clerk of said court.   By section 4126, a sheriff is authorized to take bail after indictment, so that it would seem that the sheriff had the right to take and approve the recognizance of Caldwell for his appearance at the Henry circuit court, the amount thereof having been previously fixed by an order of court.

It is contended that the Henry circuit court did not have jurisdiction of the cause until Caldwell entered into a valid recognizance before some officer authorized to take the same, and the filing thereof in the office of the clerk of the circuit court of Vernon county, and its transmission by said clerk with the order granting the change to the clerk of the circuit court of Henry county, and that, even if the sheriff of Vernon county had authority to take the recognizance, it is void upon its face because it required the cognizor to do an impossible thing, that is, to appear before the circuit court of Henry county on the first day of the September term,

1894, when that time had already transpired when the recognizance was taken and approved by the sheriff on the fifteenth day of September, 1894.

The time fixed by statute for the beginning of the September term of the circuit court of that county is the second Monday in that month, and that day had passed before the recognizance was approved, but it was not for that reason invalid, as at most the defect was nothing more than a clerical error, and, as the principal in the recognizance was bound to take notice of the time at which the regular terms of the circuit court in that county were held, he was bound to appear at the next succeeding term after the recognizance was executed, and to appear on the first day. *State v. Potts*, 60 Mo. 368.

A similar question was before the St. Louis court of appeals in *State v. McElhaney*, 20 Mo. App. 584, in which it was held that a recognizance for the appearance of a defendant in a criminal case was not void because it required the principal cognizor to appear in court on a day which had already passed; that it was merely a clerical error.

After the sheriff had taken and approved the recognizance it was plainly his duty to return it to the clerk of the circuit court of Vernon county, and, after having done so, he had no authority whatever to remove it therefrom or to withdraw from it his approval. His acts in taking the recognizance from the office of the clerk of the circuit court, and the withdrawal of his approval thereon, being without authority of law, in no manner impaired its validity, and steps should have at once been taken by the proper procedure, upon the discovery that it had been taken from its proper depository, to require its return, and this the circuit court of Vernon county might do,

although it no longer had jurisdiction of the principal case. It still had power to protect its records.

It will be observed that by section 4163, *supra*, it is provided that no order of removal of a cause shall be effectual in the case of any defendant not in confinement or custody, unless a recognizance taken as therein directed be entered into in open court, or delivered with the order of removal and filed with the clerk of the court, nor unless such order be delivered before any juror is sworn in the cause. The provisions of this section clearly have reference to the court to which the venue is changed, otherwise it would not require the recognizance, when one is taken, to be delivered to the clerk of the court with the order granting the change, and the order to be delivered before any *juror* is sworn. Until this is done the jurisdiction of the court over the defendant does not seem complete, and it can not proceed with the trial.

By section 4166, Revised Statutes, 1889, it is provided that whenever any order is made for the removal of any cause, the clerk of the court in which the same is pending shall make out a transcript of the record and proceedings in the cause, including the order of removal, * * * and the recognizance of the defendant, * * * and shall transmit the same, duly certified under the seal of the court, to the clerk of the circuit court to which the removal is ordered. And by section 4167, Revised Statutes, 1889, it is provided that on the receipt of such transcript by the clerk of the court to which the cause is removed he shall file the same as the record of his court, and the same proceedings shall be had in the cause in such court, in the same manner and in all respects, as if the same had originated therein.

When the sections of the statute last referred to are given their proper meaning, there can be no serious

McPeak v. The Mo. Pac. R'y Co.

question but that as soon as the order granting the change of venue was entered of record, the circuit court of Vernon county no longer had jurisdiction of the cause, and that by such order the jurisdiction was conferred upon the circuit court of Henry county, and that it was from that time on pending in that county. *State v. Hopper*, 71 Mo. 425; *State v. Gleason*, 88 Mo. 582; *State v. Daniels*, 66 Mo. 192.

From what has been said it necessarily follows that the motion for the forfeiture of the recognizance of Caldwell and to order *capias* to issue for arrest were properly denied.

As the conclusion reached is decisive of the case, we deem it unnecessary to pass upon the question raised by counsel for respondent, as to whether or not the order of the court in overruling the motion to forfeit was judicial.

In conclusion we must be permitted to say that we very much doubt the propriety of waiving the presence in court of a defendant under indictment for felony when a change of the venue of the cause is to be applied for, or when any other step of so much importance is to be taken in the cause. The peremptory writ is denied. All of this division concur.