Territory of Oklahoma, *ex rel,* Charles M. Thacker, County Attorney in and for Greer County, Oklahoma Territory, v. J. C. Conner and M. H. Dodson.

(Filed September 5, 1906.)

1. CRIMINAL LAW—Bond—Sufficiency of Language. A bond given in a criminal case requiring the defendant to appear and answer to the charge of "obtaining property by means of false representations and pretenses" contains a sufficient description of the offense for which the defendant is required to answer.

2. SAME. Incorrect recitals in an appearance bond as to the day of the month or year on which the court will convene, or the defendant appear, when coupled with the condition for the defendant to appear at the "next term," will not invalidate the bond, or release the sureties thereon of their liability, but will be treated as mere surplusage.

3. SAME. In a bond given in a criminal case it is not required that all the facts necessary to be stated in the indictment should be set forth with legal accuracy, or in the terms of the statute. It will be sufficient if it shows that the defendant was charged with the commission of a public offense. If the offense can be designated by a specific name it will be sufficient to state it; otherwise, it should contain a substantial description, so that the nature of the charge may appear for which the defendant is required to answer.

(Syllabus by the Court.)

*Error from the Probate Court of Greer County; before Jarett Todd, Trial Judge.*

*Chas. M. Thacker,* for plaintiff in error.

No appearance for defendant in error.

STATEMENT OF FACTS.

This action was brought in the name of the territory *ex rel* Charles, M. Thacker, county attorney in and for Greer county as plaintiff, against Thomas Boswell, M. M. Arring-

ton, J. C. Conner and M. H. Dodson, defendants, upon a written instrument designated as an appearance bond, given by Boswell and co-defendants as sureties, for his appearance at the next term of the district court of Greer county, Oklahoma Territory, to answer an indictment drawn under section 257, Wilson's Statutes, charging him "With intent to cheat, and defraud another designedly by false pretense obtaining from such other property." Service not being obtained upon Boswell or Arrington, the case was prosecuted against J. C. Conner and M. H. Dodson, sureties, who filed a demurrer which was sustained, and judgment being given in their favor the territory brings this case here for review.

Opinion of the court by

GARBER, J.: The only question raised in the court below, and upon this appeal, is as to the sufficiency of the bond, which instrument (omitting caption) reads as follows:

"Be it remembered that on this the 20th day of November A. D., 1903, Thomas Boswell of the Chickasaw Nation of Indian Territory, as principal, and ———— as sureties, appeared personally before the undersigned, clerk of the district court of the fifth judicial district in and for the county of Greer, and jointly and severally acknowledged themselves to be indebted to the Territory of Oklahoma in the sum of seven hundred dollars ($700.00), to be levied on their respective goods, chattles, lands and tenements; to be void, however, if the said Thomas Boswell, who has been committed to jail at Mangum, in the county of Greer, in the Territory of Oklahoma, shall personally be and appear before the district court of the Territory of Oklahoma in and for the fifth judicial district in and for the county of Greer, at the next term of said court, to be held at Mangum in the county of Greer, Territory of Oklahoma on the —— day of ——, A. D., 1903, at the hour of 9 o'clock A. M., of said day, and

from term to term, and from day to day of each term, to answer to the charge preferred against him for the offense of obtaining property by means of false representations and pretenses, and to abide the order of the said court, and make his appearance at each successive term of said court until the charge hereinbefore set forth shall have been disposed of according to law, and to do and receive what shall be enjoined by said court upon him, and shall not depart the said court without leave thereof.

"In witness whereof, we have hereunto set our hands and affixed our seals the 20th day of November, 1903.

"THOMAS BOSWELL, Principal.
"M. M. ARRINGTON, Surety.
"J. C. CONNER, Surety.
"M. H. DODSON, Surety.

"Taken, subscribed and acknowledged this 20th day of November, 1903, at my office in the town of Mangum, in the county of Greer, Territory of Oklahoma, as to Tom Boswell, M. M. Arrington, J. C. Conner and M. H. Dodson.

"J. P. RENSHAW, Clerk of the District Court.
"By J. W. SPROAT, Deputy.

"Endorsed on the back:
"No. 1032,
"APPEARANCE BOND.
"*District Court.*

"TERRITORY OF OKLAHOMA, *plaintiff* v. THOMAS BOSWELL; *defendant.*

"Approved this 20th day of November, 1903,
"JASPER NELSON, Sheriff.
"By F. M. OVERTON, Deputy.

"Filed the 20th day of November, 1903.
"J. P. RENSHAW, Clerk.
"J. W. SPROAT, Deputy.

"Filed September 12th, 1904.
"NANCY G. HOOD, Clerk of Probate Court."

The material objections raised to the sufficiency of the bond as appears from the demurrer on file, the defendants having filed no briefs, were: 1st, the time when the defendant was required to appear: 2nd, insufficiency of description of offense charged: 3rd, failure of defendant to qualify: 4th, because the bond was not taken and approved by an authorized person.

Under section 9 of the organic act, section 3 of the act of congress, approved December 21st, 1893, Statutes at Large, 20, the supreme court of this territory fixes the time and place at each county seat in each district where the district court shall be held, and there is no act limiting the number, or the length of terms to be held in said counties. On November 20th, 1903, the day the bond was taken, the supreme court had not fixed the time for holding the next term of the district court in Greer conuty, and under those circumstances it was impossible to insert the exact day, and of this, the defendant, and his sureties, were bound to take notice. Because the November, 1903, term of the district court of Greer county may have lapsed, and because no additional term was fixed or held in that county during that year, in no way excused the defendant from complying with the conditions of the bond requiring his appearance at the "next term of said court," and from "term to term and from day to day of each term, to answer the charge preferred against him, * * * and to abide the order of the said court, and make his appearance at each successive term of said court until the charge hereinbefore set forth shall have been disposed of according to law, and to do and receive what shall be enjoined by the said court upon him, and shall not depart the said court without leave thereof."

In the case of *State, ex rel Gibson v. Lay,* 128 Mo. 609, 29 S. W. 999, the defendant gave a bond conditioned for his appearance in the circuit court of Henry county on September 1st, 1894, and it was there contended that the bond was void upon its face because it required the cognizer to do an impossible thing; that is, to appear before the circuit court of Henry county on the 1st day of September, 1894, when that time had already transpired when the recognizance was taken and approved by the sheriff on the 15th day of September, 1894. The court said:

"The time fixed by statute for the beginning of the September term of the circuit court of that county is on the 2nd Monday of that month, and that day had passed before the recognizance was approved, but it was not for that reason invalid, the defect was nothing more than a clerical error, and as the principal in the recognizance was bound to take notice of the time at which the regular terms of the circuit court in that county were held, he was bound to appear at the next succeeding term after the recognizance was executed, and to appear on the 1st day."

A similar question was before the St. Louis court of appeals, in *State v. McElhaney,* 20 Mo. App. 584, in which it was held:

"That a recognizance for the appearance of the defendant in a criminal case was not void because it required the principal cognizer to appear in court on a day which had already passed; that it was merely a clerical error."

In the case of *Gay v. State,* 7 Kan. 246, it was held:

"A recognizance requiring the defendant to appear at the next term of the district court of the proper county, but which does not designate any particular day of said term or of the month on which he is so to appear is not void. In such case the defendant is bound to appear on some day dur-

ing the said next term, and when he does so appear, he is bound to remain until permitted to leave by order of the court."

In *Com. v. Brench,* 1st Bush, (Ky.) 59, the court said:

"The principal was recognized to appear at the next ensuing May term of the circuit court. No court was held in May, and the defendant failing to appear at the following October term, a bench warrant was issued on which he was arrested, but he made his escape from the sheriff. It was held that his sureties were liable for his appearance at the October term, and were not released by his arrest by the sheriff."

Incorrect recitals in an appearance bond as to the day, month or year on which the court will convene, or the defendant appear when coupled with the condition for the defendant to appear at the "next term," will not invalidate the bond, or release the sureties thereon, of their liability, but will be treated as mere surplusage. 5 Cyc. 96; *Mooney v. People,* 81 Ill. 134; *Hunter v. State,* 21 Ind. 351; *Curry v. State,* 39 Miss. 511; *People v. Welch,* 47 How. Pr. (N. Y.) 420; *People v. O'Brien,* 41 Ill. 303; *Proseck v. State,* 38 Ohio St. 606.

The section under which the indictment was found provides:

"Every person who, with intent to cheat or defraud, designedly, by color or aid of any false token or writing, or other false pretense, obtains the signature of any person to any written instrument, or obtains from any person any money or property, is punishable in the territorial prison not exceeding three years, or in the county jail not exceeding one year, or by fine not exceeding three times the value of the money or property so obtained, or by both such fine and imprisonment."

In this case the offense charged could not be designated by any specific term, and the description in the bond "obtaining property by means of false representations and pretenses" is a substantial and sufficient description of the offense charged, our statute neither prescribing the form of the bond, nor the manner of describing the offense.

In *Patterson v. State,* 12 Ind. 86, it was held that:

"A recital in the recognizance that the cognizer is to appear to answer to the charge of obtaining money under false pretenses is sufficient at common law, and still more so under 2 Rev. Statutes p. 366, paragraph 49, although the recital does not describe the offense with legal accuracy."

And in *Browder v. State,* 9 Ala. 58, it was there decided that:

"An undertaking to answer to the charge for resisting process is sufficiently significant in the recognizance to indicate the offense intended to be charged, although the statute makes the offense consist in knowingly and wilfully resisting or opposing any officer of this state in serving, or attempting to serve or execute any legal writ or process whatsoever."

It is not required that all the facts necessary to be stated in the indictment should be set forth in the bond with legal accuracy, or in the terms of the statute. It will be sufficient if it shows the defendant was charged with the commission of some public offense. If the offense charged can be designated by a specific name it will be sufficient to state it; otherwise, it should contain a substantial description, so that the nature of the charge may appear for which the accused is required to answer. This rule in no way enlarges the extent or scope or purpose of the obligation set forth in the bond. 5 Cyc. 98; *U. S. v. Sauer,* 73 Fed. Rep. 671; *State*

*v. Randolph,* 22 Mo. 474; *State. v. Rye,* 9 Yerg. 386; *Com. v. Daggett,* 66 Mass. 446; *People v. Rundell,* 6 Hill (N. Y.), 506; *Kerns v. Shoonmaker,* 40 Ohio 331, 22 Am. Dec. 757; *People v. Gillman,* 125 N. Y. 372; *Adams v. State,* 48 Ind. 212; *State v. Marshall,* 21 Iowa 143; *State v. Merrihew,* 47 Iowa 112; *State v. Gillmore,* 81 Me. 405; *Turner v. State,* 41 Tex. 549; *Belt v. Spaulding,* 17 Oregon 130.

The objection that the defendant did not qualify upon the bond cannot be maintained. There is no question but what the sureties properly acknowledged the bond, and having undertaken for the faithful appearance of the defendant for trial, they are not in a position to avail themselves of any formal defect in the instrument, if any such there were, which applies to another party thereto and not to themselves.

Section 633 of our code of criminal procedure, Wilson's Revised and Annotated Statutes of 1903, paragraph 6769, provides:

"Bail by sufficient sureties shall be admitted upon all arrests in criminal cases where the offense is not punishable by death; and in such case, it may be taken by any of the persons or courts authorized by law to arrest and imprison offenders."

"Bail by sufficient sureties" is the language used. In the absence of a statute requiring him to do so, it was unnecessary for the defendant to qualify.

In *Tillison v. State,* 29 Kan. 457, Justice Valentine, speaking for the court, said:

"The point that the recognizance is void because the accused did not sign the same, we think is not tenable. At common law it was never necessary for any person to sign the recognizance; and under the statutes it is necessary only

for those to sign the recognizance who are to be bound thereby; and it is never necessary under the statutes for the accused to sign the recognizance, unless the statutes absolutely require the same to be done. *Ingram v. The State,* 10 Kan. 630; *People v. Hammond,* (Sup. Ct.) 77 N. Y. Supp. 219."

The remaining objection that the bond was not approved by an authorized person cannot be upheld in view of the admissions made on demurrer. The petition, with the bond attached, and made a part thereof, shows that it was taken, subscribed and acknowledged by the deputy clerk of the court on November 20th, 1903, and on the same day approved by Jasper Nelson, sheriff of said county, by F. M. Overton, his deputy. In the petition it is alleged that the word "taken" as used in the certificate of the deputy clerk, was not intended to imply that the clerk had "taken" the bond as of his own authority, not in the sense in which the term is used in the statute authorizing bail, but merely in a clerical sense; that the clerk and his deputy, and each of them, did not agree to said bail, and approve said bail bond; but that the same was taken and approved by Jasper Nelson, sheriff of said county, before the defendant, Boswell, was released from custody.

Construing the bond and the petition together, it is clearly alleged that the sheriff accepted and approved the bond, and under the authority of *The Territory, ex rel Thacker, County Attorney, v. Sellers, et al.* 15 Okla. 419, 82 Pac. 572, he was authorized to do so.

Bail is a delivery or bailment, of the person to his sureties upon their giving (together with himself) sufficient security for his appearance, he being supposed to continue in their friendly custody, instead of going to jail.    4 Bl. 297.

A' similar idea as to the accused being in the custody of his bail, is found in our statutes. Section 5775, Wilson's Statutes, authorizes the sureties on his bond to cause his arrest at any time before they are finally discharged, and at any place within the territory, and surrender him, without warrant; and at the request of his bail, the court, judge or magistrate, shall recommit the party so arrested to the custody of the sheriff or other officer, and the party so committed shall therefrom be held in custody until discharged by the due course of law.

In the case at bar, Boswell was under indictment charged with the commission of a felony; was in the custody of the sheriff and confined in the county jail for safe keeping. The defendant sureties herein voluntarily appeared, and, at their own request, jointly and severally acknowledged themselves to be indebted to the Territory of Oklahoma in the sum of seven hundred dollars ($700.00), to be made and levied on their respective goods, chattels, lands and tenements; to be void, however, if the said Thomas Boswell, who had been committed to jail at Mangum, in the county of Greer, in the Territory of Oklahoma, should personally be and appear before the district court of Greer county at the "next term" thereof, and from "term to term."

Stripped of all its verbiage and technicality this was the' plain obligation entered into by defendants. Upon its execution and delivery Boswell was released. At the next term of the district court of Greer county his name was called; he failed to appear. The defendant sureties were called, and requested to bring the body of the said Boswell into court and save their recognizance; they failed to respond, and offered no excuse for the absence of the defendant.

A forfeiture of the bond was taken. Suit is brought against these defendants, and now they rely upon "strict construction" to relieve them of their voluntary obligation; and while many of the authorities hold a doctrine of very great strictness against the state in favor of the sureties on recognizances to appear and answer to indictments, yet, they do not, in the absence of a special statute which must be strictly complied with, go to the extent of holding a bond similar to the one in this case invalid. In following "strict construction" many courts have ignored strict compliance. The latter is as important to the state and the public welfare, as the former is to the defendant. The territory demands nothing but what was nominated in the bond, but that it does demand, and is entitled to from the plain, ordinary, matter-of-fact construction of its conditions. There was no inducement or coercion, or fraud, or misrepresentation by the plaintiff, and there was no mistake on the part of the defendants. They voluntarily and knowingly assumed the obligation of paying seven hundred dollars ($700.00) to the territory in case Boswell was released, and did not appear at the "next term" of the district court of Greer county. This it is admitted, he failed to do, and that the defendants should now be required to comply with the conditions of an obligation, which they voluntarily assumed, cannot be questioned. A contrary holding would encourage the commission of crime, prevent the enforcement of law, and defeat the ends of justice. The judgment of the court below will, therefore, be reversed and remanded, with directions to overrule the demurrer to the petition, and proceed with the trial of said cause.

All the Justices concurring.