STATE of Oklahoma, Appellee,

v.

Darrell R. BUCHANAN, a/k/a Leroy Clark, and Marcus Ebenhack, Surety, Appellant.

No. 64812.

Supreme Court of Oklahoma.

Nov. 3, 1987.

As Corrected Dec. 4, 1987.

David Moss, Dist. Atty., M. Denise Graham, Asst. Dist. Atty., Tulsa, for appellee.

Terry L. Weber, William G. LaSorsa, LaSorsa & Weber, Tulsa, for appellant Ebenhack.

SUMMERS, Justice.

The trial court forfeited an appearance bond in a criminal case for the defendant's failure to appear. The bail bondsman urged he was not liable on the bond because the defendant had been released by the sheriff without having first been delivered to the bondsman at the Tulsa County Jail. The trial court rejected that defense, but the Court of Appeals reversed on that point. Certiorari having previously been granted, we reinstate the judgment of the trial court forfeiting the bond.

Bond in the criminal case against Darrell Buchanan was set at $65,000.00. Dewey Ward, a licensed bondsman, and Marcus Ebenhack, his surety, posted an appearance bond for the defendant at 10:30 A.M. on April 25, 1985. Ward waited for the defendant some three to four hours in the street level lounge while the defendant was being "processed out", only to be informed that the prisoner had been released at the second story level and had exited the building without having been seen by the bondsman. There are four other uncontroverted facts: (1) The prisoner was released at the usual point of release; (2) the bondsman was waiting in the usual place where people are instructed to wait if they want to meet a prisoner upon his release; (3) the sheriff had routinely in the past honored a bondsman's request that a prisoner making bond be released directly to the bondsman; and (4) no such request was made in this case. The bondsman took no action toward

getting relieved of his obligation until after the defendant missed his April 29th arraignment date and the bond had been ordered forfeited by the court.

■ The bondsman's assertion on appeal is simple and novel. It is that the surety of a bail bond does not assume the obligation of bail until he obtains custody of his principal. He reasons that in assuming the obligation of bail he becomes in law the jailer of his principal, an impossible arrangement if he is not given the physical "friendly custody" of the bailed person at the outset, citing *State v. Imperial Ins. Co.*, 514 P.2d 936 (Okl.1973), *Territory ex rel. Thacker v. Conner*, 17 Okl. 135, 87 P. 591 (1906), and 22 O.S.1981 § 1107.[1]

The state does not challenge these authorities which entitle the bondsman to obtain custody of his bonded defendant, but correctly points out that no case nor statute cited relates to a duty on behalf of the sheriff to release a defendant only to his bondsman.

The operative statute is 22 O.S.1981 § 1105:

Defendant Discharged on Giving Bail

Upon the allowance of bail and the execution of the requisite recognizance, bond or undertaking to the State, the magistrate, judge or court, must, if the defendant is in custody, make and sign an order for his discharge, upon the delivery of which to the proper officer *the defendant must be discharged.* (Emphasis added.)

The trial court noted, as did the dissenting judge in the original appeal, that the bondsman's position would put the sheriff "on the horns of a dilemma—whether to release the defendant when the bondsman is unavailable and thereby nullify the bondsman's liability on his bond, or to retain custody of the defendant in direct disobedience of the statute and thereby face civil liability to the wronged prisoner".[2] We believe this fairly states the problem that would be created should we adopt the bondsman's position.

The terms of the bond do not call for delivery of the prisoner from the sheriff to the bondsman, nor is any case law presented which would invalidate the bond for failure to do so. The statute plainly states that upon delivery of the bond to the proper officer "the defendant must be discharged."[3]

In this case where the prisoner was released at the normal point of release, and the bondsman could have had his desired pre-release meeting by simply requesting it from the sheriff we conclude that the state did nothing to prejudice the rights of the bondsman. See *State v. Imperial Ins. Co.,* supra.

The State further urges that 59 O.S.1981 § 1326 prohibits the setting aside of bond forfeitures for reasons such as herein are asserted, providing in part as follows:

A. No undertaking shall be invalid, nor shall any person be discharged from his undertaking ... by reason of any defect of form, omission or recital or of condition, failure to note or record the default of any principal surety, or because of any other irregularity, ... if it appears from the tenor of the undertaking before what judge or at what court the principal was bound to appear, and that the official before whom it was entered into was

---

1. 22 O.S.1981 § 1107 reads:

"Any party charged with a criminal offense and admitted to bail may be arrested by his bail at any time before they are finally discharged, and at any place within the state; or by a written authority endorsed on a certified copy of the recognizance, bond or undertaking, may empower any officer or person of suitable age and discretion, to do so, and he may be surrendered and delivered to the proper sheriff or other office, before any court, judge or magistrate having the proper jurisdiction in the case; and at the request of such bail the court, judge or magistrate shall

recommit the party so arrested to the custody of the sheriff or other officer, and endorse on the cognizance, bond or undertaking, or certified copy thereof, after notice to the district attorney, and if no cause to the contrary appear, the discharge and exoneration of such bail; and the party so committed shall therefrom be held in custody until discharged by due course of law."

2. 57 OBJ 2167; dissenting opinion by Stubblefield, J.

3. 22 O.S.1981 § 1105, supra.

legally authorized to take it and the amount of bail is stated.

We find there is no obligation in the law that a sheriff must deliver a bailed prisoner to the bondsman in order to validate the bond. The bondsman having shown no good cause or excuse as to the failure of the defendant to appear the order of forfeiture will not be set aside. *Lorentz v. State,* 531 P.2d 332 (Okl.1975); *State v. Scott,* 371 P.2d 704 (Okl.1962); 22 O.S.1981 § 1108A. The opinion of the Court of Appeals is vacated and the judgment of the trial court is affirmed.

DOOLIN, C.J., HARGRAVE, V.C.J., and LAVENDER, SIMMS, OPALA, WILSON and KAUGER, JJ., concur.