THE STATE OF MISSOURI, Respondent, v. SAMUEL F. WARNER, Appellant.

Kansas City Court of Appeals, April 6, 1896.

Criminal Law: CHANGE OF VENUE: JURISDICTION: STATUTORY CONSTRUCTION. Where the record fails to show that on an order changing the venue the defendant entered into a recognizance, or that he was in custody, such order does not transfer the venue; and the court to which it is sent acquires no jurisdiction of the defendant since section 4162, Revised Statutes, 1889, is mandatory.

*Appeal from the Worth Circuit Court.*—HON. P. C. STEPP, Judge.

REVERSED.

*Sallee & Goodman* for appellant.

The Worth circuit court had no jurisdiction of this cause. R. S. 1889, secs. 4161, 4162, 4163, 4164. The defendant being under recognizance at the time the order of removal was made, the order could not have the effect of transferring the cause to the Worth circuit court until a new recognizance was entered into as provided in section 4163. This section is negative in its terms, and is, therefore, mandatory. *West v. Ross,* 53 Mo. 350; Sutherland Stat. Con., sec. 203, p. 268; *Ex parte Joffie,* 46 Mo. App. 360; *State ex rel. v. Lay,* 128 Mo. 609. The record, as appears by the certificate of the clerk of the Harrison circuit court, from which the cause was sought to be removed, contains neither order for recognizance nor order of commitment, nor is there any recognizance for his appearance in the Worth circuit court. Under these circumstances the presumption which attaches to the proceedings of courts of general jurisdiction is overcome and rebutted, for it is conclusively shown that there is an omission of a thing which was absolutely necessary in order to confer jurisdiction upon the trial court. *Brown v. Woody,* 64 Mo. 547; *State v. St. Louis,* 1 Mo. App. 503; *Williams v. Monroe,* 125 Mo. 575.

SMITH, P. J.—The defendant was indicted by the grand jury of Harrison county under the provisions of section 3760, Revised Statutes.

The defendant made an application for the removal of the cause on account of the prejudice of the inhabitants, to some other county in the circuit, where such prejudice did not exist, and thereupon the court made an order for the removal of the cause to Worth county, in which latter court there was a trial, resulting in the conviction of the defendant. The defend-

ant, in due time, filed a motion in arrest of the judgment, on the ground that the Worth circuit court was without jurisdiction to try the cause. This motion being overruled, the cause was brought here by defendant on appeal. The defendant here renews his objection to the jurisdiction of the court in which he was convicted.

Section 4160, Revised Statutes, provides that every order for removal, if made in term, shall be entered on the minutes. Section 4160 provides that when such order shall be made, the defendant, if not in confinement or custody, shall enter into a recognizance, etc., for his appearance to answer the charge in the court to which the cause is to be removed, etc. Section 4163 further provides that: "No order for the removal of a cause shall be effectual in case of any defendant not in confinement, or custody, unless a recognizance taken as directed be entered into in open court, or delivered with the order and filed with the clerk of the court, nor unless such order be delivered before the jury is sworn in the cause."

The record does not disclose that the defendant entered into recognizance, as required by section 4162, or at all, nor does it show by any order of commitment that the defendant was in confinement or custody. It does, however, show that he appeared at the the trial in the Worth circuit court and there entered into a recognizance for his appearance in this court. It may, therefore, be fairly inferred from the record, that the defendant was not in confinement, or custody, either at the time the order for the removal was made, or at the time of the trial. The question is, whether the order of the circuit court of Harrison county was effectual to transfer the venue of the cause to that of Worth county. The statute declares that no order for the removal of a cause shall be effectual when the

defendant is not in confinement, unless a recognizance be taken as therein provided.    It is clear that unless this statute is merely directory, the venue of the cause was not removed from the county where the indictment was found and, therefore, the court in which it was tried was without jurisdiction.    This statute is negative in its character and, therefore, it must be construed to be mandatory.

In *State ex rel. Gibson v. Roy*, 128 Mo. 609, it was said: "It will be observed that by section 4163, *supra*, it is provided that no order of removal of a cause shall be effectual in the case of any defendant not in confinement or custody, unless a recognizance, taken as therein directed, be entered into in open court, or delivered with the order of removal and filed with the clerk of the court, nor unless such order be delivered before any juror is sworn in the cause.    The provisions of this section clearly have reference to the court to which the cause is changed, otherwise it would not require the recognizance, when one is taken, to be delivered to the clerk before any juror is sworn.    Until this is done, the jurisdiction of the court over the defendant does not seem complete, and it can not proceed with the trial."

It must inevitably follow from the foregoing considerations, that the circuit court of Worth county was without jurisdiction to try the cause and, therefore, its judgment should be reversed, which is ordered accordingly.    All concur.